EASTERN DIST.
*December*, 1840.

BANK OF ILLI-
NOIS
*vs.*
SLOO & BYRNE
ET AL.

| 16L 539|
| 47  512|

. BANK OF ILLINOIS *vs.* SLOO & BYRNE ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Acceptors of bills of exchange drawn on their letter of credit, addressed to the payees or purchasers of the bills, are absolute acceptors and not guarantors.

Where guarantors receive no notice of the acceptance of the guaranty, or of the various advances made, or bills drawn on it until after their dishonor, they are discharged by the *laches* of the holders or creditors.

It is the duty of creditors or holders of bills drawn under guaranty, within a reasonable time after the advances are actually made, to give notice thereof to the guarantors, informing them that reliance is placed on their guaranty to insure repayment.

A party giving a letter of guaranty, has a right to know whether it is accepted, and whether the person to whom it is addressed, means to give credit or make advances on it or not.

It is always with reluctance the court pronounces on the unconstitutionality of laws, and especially those of a sister state, and where the judicial tribunals of the state have pronounced on their validity this court will recognize them as constitutional.

This is an action by the plaintiffs as the holders of ten bills of exchange, drawn by A. G. Sloo & Co., on the defendants, Sloo & Byrne, of New-Orleans, drawn and sold to the plaintiffs on the following letter of credit, written by the drawees to the plaintiffs.

"New-Orleans, 23d December, 1836."

"Messrs. A. G. Sloo & Co., of Alton, Illinois, are hereby authorized to value on us at such times, and for such sums as may suit their own convenience, to the extent of fifty thousand dollars. Their bills on us for that amount, negotiated through your institution, or any part thereof, shall be duly honored and paid by your obedient servants.

SLOO & BYRNE."

"To the cashier of the branch of the State Bank of Illinois, at Alton."

EASTERN DIST.
*December*, 1840.

BANK OF ILLI-
NOIS
*vs.*
SLOO & BYRNE
ET AL.

"We do hereby guaranty the punctual payment of any bill drawn and negotiated upon the faith of the within letter."

"SHIELDS, TURNER & RENSHAW."
"A. W. & R. M. HAINES."

A. G. Sloo & Co., in the spring of 1837, drew ten bills now in suit on this letter, and sold them to the plaintiffs, which were all duly accepted, payable four months after date and sight, and protested for non-payment at maturity, amounting in the aggregate to thirty-seven thousand six hundred and thirty dollars.

The plaintiffs pray judgment against Sloo & Byrne, as acceptors, and Shields, Turner & Renshaw, and A. W. & R. M. Haines, as guarantors for the amount of these bills, and all damages and costs.

The defendants, *Sloo & Byrne,* excepted to the plaintiffs' right to maintain this action, because the plaintiffs are not a legally constituted corporation, under the constitution and laws of the state of Illinois, and that they cannot maintain this action in their corporate name.

2. That the debt sued for, has been satisfied and paid on an execution, and judgment obtained in Illinois, against the principal debtors and drawers, A. G. Sloo & Co.

3. That if said debt is not satisfied or fully paid, these respondents are discharged, by the release of A. G. Sloo, in consequence of the act of the plaintiffs, who was the principal member of the firm of A. G. Sloo & Co., and for whose accommodation, principally, they guarantied and accepted the said bills. They pray to be dismissed.

*Shields, Turner & Renshaw,* excepted to the plaintiffs' right to sue in their corporate capacity, as not being legally constituted, and unconstitutionally incorporated. They deny all liability as guarantors.

*A. W. & R. M. Haines,* also excepted to the constitutionality of the plaintiffs as a corporation, and to sue in their corporate name. For answer, they deny all liability as guarantors for want of notice, &c., and by the release of A. G. Sloo, from his liability as drawer and for whose benefit and

accommodation the bills were accepted and guarantied. These exceptions were all overruled. A mass of testimony was taken and read on the trial. The plaintiffs instituted suit in Illinois, against A. G. Sloo & Co., soon after the bills in question were drawn and accepted, to wit, in April 1837, including all their liabilities of every character; A. G. Sloo, was absent from the state in New-Orleans. H. M'Clintock his partner, gave a power of attorney to a lawyer, to confess judgment in the name of the firm, and at the May term, 1837, of the circuit court of that state, judgment was rendered by confession against Sloo, and against M'Clintock, for a large amount, (one hundred and twenty-five thousand dollars,) apparently embracing every liability which they had come under to the plaintiffs, whether due or to become due.

EASTERN DIST.
December, 1840.

BANK OF ILLINOIS.
vs.
SLOO & BYRNE
ET AL.

A. G. Sloo, on his return to Illinois, disavowed any act or authority to confess judgment for him, and carried this case before the Supreme Court of the state of Illinois, by writ of error, in which the judgment was reversed *and vacated* as to him.

It was admitted there was no notice given to the guarantors of the acceptance of the bills, or, in fact, that the plaintiffs had accepted, and agreed to take and discount these bills on the faith of the letter of credit.

There was judgment against the acceptors for the amount of the bills sued on, and in favor of the guarantors discharging them. The plaintiffs and acceptors appealed.

*L. C. Duncan,* for the plaintiffs.

*Barton, Eustis* and *Potts,* for defendants and guarrantors.

*Martin, J.,* delivered the opinion of the court.

This suit was instituted to recover the amount of ten bills of exchange, accepted by the defendants Sloo & Byrne, the payment of which was guarantied by the other defendants, Shields, Turner & Renshaw, and A. W. & R. M. Haines.

There was judgment against the acceptors, and for the other defendants. The acceptors and the plaintiffs appealed.

EASTERN DIST.
*December,* 1840

BANK OF ILLI-
NOIS.
*vs.*
SLOO & BYRNE
ET AL.

Acceptors of bills of exchange drawn on their letter of credit addressed to the payees or purchasers of the bills, are absolute acceptors, and not guarantors.

Where guarantors receive no notice of the acceptance of the guaranty, or of the various advances made, or bills drawn on it until after their dishonor, are discharged by the *laches* of the holders or creditors.

The facts of the case are these. Sloo & Byrne wrote a letter to the plaintiffs, promising to accept and pay bills drawn on them by A. G. Sloo & Co. of Alton, Illinois, and discounted by plaintiffs, to the amount of fifty thousand dollars. The other defendants, by an endorsement on said letter, guarantied the payment of such bills as might be drawn in pursuance thereof. Bills to the amount of thirty-seven thousand six hundred and thirty dollars were accordingly drawn, discounted and accepted, but protested for non-payment. The defence of the acceptors is, that they are guarantors *only,* the bills being drawn with the knowledge of the plaintiffs, for the accommodation of the drawers, and that the plaintiffs having doubts of the solvency of the drawers, prevailed on M'Clintock, one of the partners of A. G. Sloo & Co. to give a power of attorney, on which judgment was confessed for the firm to the plaintiffs, in one of the District Courts of the state of Illinois, for a sum exceeding the amount of the liabilities of the firm to them. That on this judgment property of the firm to the amount of sixty-five thousand dollars, was seized and sold, and afterwards, A. G. Sloo, the partner of M'Clintock, who was then absent, returned and obtained the reversal of the judgment as far as it concerned him; that consequently the debt of the firm, as far as it related to M'Clintock, was merged in the judgment, and so far as it concerned A. G. Sloo, extinguished by the judgment obtained against his co-partner, which released the latter from the original debt, and operated a release of his joint debtor.

The power of attorney under which judgment was confessed, bears date the 20th April, 1837. At that period, all the bills sued upon, had been accepted, and none of them had yet become payable. The first was at maturity the 4th June, and the last on the 6th of August; and judgment was confessed the 4th of May, 1837; so that at neither of these two periods, had the plaintiffs any claim against the *firm*, on the bills sued on, which at that time, as far as they could be, were duly honored. There can be no discharge, unless the debt was included in the judgment. The plaintiffs should have shown this clearly ; and the facts proven, present a vio-

lent presumption that the judgment did not include the amount of these bills. Judgment was, therefore, correctly given against the acceptors.

As to the guarantors, they claimed a discharge on account of the *laches* of the plaintiffs, who neglected to give them any notice of their acceptance of the guaranty, or of the advances made thereon, until after the dishonor of the bills. Judge Story, in the case of *Cremer* vs. *Higginson et al.*, 1 *Mason* 340, expressed his opinion, " that it was the duty of the plaintiffs within a *reasonable time after the advances were actually made*, to give notice thereof to the defendants, and that reliance was placed upon their guaranty to insure repayment, and if notice was not given in a reasonable time, nor until after a material change in the circumstances of the debtors, such *laches* of the plaintiffs, was a complete discharge of the defendants from their guaranty." In the case of *Douglas et al.* vs. *Reynolds et al.*, 7 *Peters*, 113, judge Story, in delivering the opinion of the court, said, "a party giving a letter of guaranty, has a right to know whether it is accepted, and whether the person to whom it is addressed, means to give credit on the footing of it or not. It may be most material not only as to his responsibility, but as to future rights and proceedings. It may regulate, in a great measure, his course of conduct, and his exercise of vigilance in regard to the party in whose service it is given." In the present case, no notice had been given of the acceptance of the guaranty, or of any advances made on it *at the time* they were made, nor until the circumstances of the debtors were materially changed by the dishonor of the bills. Judgment was consequently, properly given against the plaintiffs, as regards the guarantors.

An objection was made to the right of the plaintiffs to sue, on the ground of the unconstitutionality of their charter. It was granted after the territory of Illinois became a state, the constitution of which, prohibits the legislature from chartering any bank, except one "State Bank." The plaintiffs were incorporated under the style of the " President, Directors and Company of the State Bank of Illinois." It is contended that they are not a state bank, because their capital is

EASTERN DIST.
*December*, 1840.

BANK OF ILLI-
NOIS.
*vs.*
SLOO & BYRNE
ET AL.

It is the duty of creditors or holders of bills drawn under guaranty, within a reasonable time after the advances are actually made, to give notice there of to the guarantors, informing them that reliance is placed on their guaranty to insure repayment.

A party giving a letter of guaranty, has a right to know whether it is accepted, and whether the person to whom it is addressed, means to give credit or make advances on it or not.

It is always with reluctance the court pronounces on the unconstitutionality of laws, and especially those of a sister state, and where the judicial tribunal of the state have pronounced on their validity, this court will recognize them as constitutional.

EASTERN DIST. not wholly the property of the state. It is always with great
December, 1840. reluctance that courts of justice pronounce on the unconsti-
tutionality of an act of the legislature. And this reluctance
is much increased, when they are called upon to review an
act of the legislature of a sister state. The state of Illinois
has reserved an interest in this bank. They have styled it
"the State Bank." They do not appear to have chartered any
other. The legislature has construed the clause of the con-
stitution referred to, as authorizing the plaintiffs' charter. A
state court has entertained suits under it, the Supreme Court
of that state has affirmed the judgment. It does not appear
to us that the judge *a quo* erred in overruling this objection.

BANK OF ILLI-
NOIS.
*vs.*
SLOO & BYRNE
ET AL.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the inferior court be affirmed, with costs.