JOHN PECK *v.* TRUMAN BARNEY.

A guarantor is entitled to notice of the acceptance of his guaranty. An acknowledgment by the defendant of his liability, and a promise to pay, supercedes the necessity of any further evidence of notice.

A guarantor is not entitled to notice that the principal has not paid.

ASSUMPSIT, upon the following written guaranty.

" Whereas, John Peck, of Burlington, county of Chitten-
" den, holds the following claims against Horatio B. Barney,
" of Jericho, in said county, to wit, a note, dated 13th May,
" 1830, for forty-three dollars and thirty-two cents, payable
" to said Peck or order on demand with interest. Another
" note, dated 24th June, 1831, for twenty-six dollars and two
" cents, payable to said Peck or order on demand, with in-
" terest. Also, a judgment founded on another note, dated
" 2d September, 1829, for sixty dollars and thirteen cents,
" signed by said Horatio. Now in consideration that said
" Peck will stay the execution that issued on said judgment,
" now in the officer's hands, I, Truman Barney, of said Jeri-
" cho, do agree, if said claims are not paid or secured by said
" Horatio, within six months from this date, to secure or pay
" the same, either on the carding and clothing works, situat-
" ed near Truman Galusha's, in said Jericho, or out of de-
" mands in the hands of Charles Adams, Esq., placed there by
" said Truman to apply on notes that said Peck holds against
" said Truman. The said claims are to be secured in one
" of the above methods amply and sufficiently.

" Dated at Burlington the 2d day of July, 1831.
    (Signed)                 TRUMAN BARNEY."

Plea, *non-assumpsit.* Issue to the court.

On the trial in the court below, the plaintiff gave in evidence the contract declared upon, the two notes first specified in said guaranty, and an execution in favor of the plaintiff against Horatio B. Barney, dated May 2, 1831, for $55,52 damages, and $2,05 costs, signed by Isaac Warner, a justice of the peace. The defendant objected to the admission of this execution, unless the plaintiff first showed the judgment upon which the execution issued. The plaintiff then called Isaac Warner, the justice who signed the execution, who testified that he could not find the record of the

Chittenden, judgment, and supposed it was lost, and that had he no particular recollection of said judgment other than what he derived from said execution. The plaintiff then called Amos Blodget, as a witness, from whose testimony it appeared that he was the plaintiff's attorney, in prosecuting the suit in favor of the plaintiff *v.* H. B. Barney;—that said suit was upon the note last described in the guaranty of the defendant; that judgment was rendered by said justice, (Warner,) on said note, and that the aforesaid execution was the same execution that issued on said judgment; (a small indorsement having been made upon the note previous to the suit) that he, as the plaintiff's attorney, and by plaintiff's direction, stayed the collection of the execution in question, in pursuance of the agreement between the parties to the present suit. The execution was then admitted in evidence by the county court, to which the defendant excepted.

It further appeared, from the testimony of J. H. Peck, that after the expiration of the six months specified in said guaranty, and before the commencement of this suit, he heard several conversations, at different times, between the plaintiff and defendant, in this suit, in relation to the H. B. Barney debts, specified in the guaranty, in which conversations he understood from both parties that these debts had not been paid-by H. B. Barney; and the defendant, in these conversations, assured the plaintiff that he (the defendant) would shortly settle them.

From these facts, the county court rendered a judgment for the plaintiff to recover of the defendant the amount of said two notes and of the execution, and interest thereon, and the defendant excepted to the decision.

*J. Maeck*, for defendant.

1. Under the contract declared upon and offered in evidence, it became necessary for the plaintiff to prove the existence of the judgment. This was decided in this case at the last term of this court.

2. A judgment can, in no case, be proved by parol. *Graham* v, *Gordon*, 1 D. Chip. 115.

3. No due notice was given to the defendant of H. B. Barney's default. The subsequent promise to pay was not binding, for want of consideration, if defendant was discharged for want of notice.

*C. D. Kasson,* for plaintiff.

When this case was before this court at the last term, the question was, whether the plaintiff, upon giving in evidence the written agreement alone, was entitled to recover?

The defendant insisted that he should give in evidence the *execution,* and the *record of the judgment,* as, also, the first mentioned two notes.

The court decided that he need not introduce the record, but that he should introduce the notes and the execution, merely, whereupon he would, *prima facie,* be entitled to recover. 12 Vt. R. 72.

The case, as now presented, shows a full compliance with the rule as then laid down, which is conclusive of this case, unless there is some new question growing out of the discrepancy between the amount of the execution and the third note, which had been sued, a judgment rendered, on which judgment the execution issued.

This is obviated by the testimony of Warner and Blodget, by the first of whom the loss of the record is proved, which lets in the testimony of the latter, who swears expressly how there came to be a discrepancy between the execution and the note, and that this is the *identical* execution mentioned in the agreement. That such evidence was admissible, see *Stockbridge* v. *W. Stockbridge,* 12 Mass. 400. 1 Stark. Ev. 159, 160. *Warren, ex. dem. Webb,* v. *Greenville,* 2 Str. 1129.

But even if Warner's testimony were inadmissible, inasmuch as it is expressly proved, by Blodget, that the execution in question is the one referred to as then in the officer's hands, it is immaterial whether the record be lost or not, and judgment should have been for the plaintiff without Warner's testimony. Where there is error below, without which the same judgment should have been rendered, the court will not grant a new trial. *Houghton* v. *Slack,* 10 Vt. R. 520.

Notice of the default of H. B. Barney need not be given to the guarantor. 4 Day, 444. *Hough* v. *Gray,* 19 Wend. 202. 12 Mass. 14. *Allen* v. *Rightmore,* 20 J. R. 365.

But if it must, we contend sufficient notice was given in this case, as appears from J. H. Peck's testimony. The rule of notice, in cases of guaranty, is not that which applies to

indorsers of bills and notes. It is sufficient if he have notice before suit brought.

Peck
*v.*
Barney.

The opinion of the court was delivered by

COLLAMER, J.—In this case, at the last term, it was holden that the defendant's guaranty acknowledged the existence of the two notes, the judgment and execution, at the date of the guaranty, and therefore no further evidence was required on that subject. It was further decided that the notes and execution must be produced, on the trial, to rebut the presumption of payment, which otherwise would arise. Pursuant to this decision, it appears, that at the next trial, the notes and execution were produced. It is now insisted that the execution, without the judgment, does not prove it the same execution mentioned in the guaranty. That was a mere question of identity, a question of fact and not of law. When an execution was produced, agreeing in amount with the general description in the guaranty, between the same parties, of a proper date, and no other being shown ever to have existed, it was quite sufficient for the *court*, which tried this issue, to find for the plaintiff on that point.

It is true the defendant was entitled to notice that the plaintiff had accepted and relied on his guaranty. But whether he ever had that notice was a question of fact. We see, from the case, that the defendant, afterwards, often acknowledged his liability and promised to pay. He knew whether he had notice, and the court might well find, from such concessions and promises, that he had received seasonable notice. Such a promise, by an indorser, has often been holden to supercede the necessity of proving notice.

It is further insisted, that the defendant was entitled to notice of the failure of Horatio B. Barney, to make payment. Even if this were generally necessary, it was, in this case, superceded by the defendant's after promise; but it is not necessary. When one stipulates for a thing to be done, by himself or a third person, he is bound to see it done. He is entitled to notice only of that which the *plaintiff* was to do.

Judgment affirmed