ElackboRD, J.
This was au action of assumpsit brought by Bainbridge against Smith. The declaration,which was *filed in February, 1841, contains two counts. The first is special, and is to the following effect:
That, on, &c., at, &c., in consideration that the plaintiff^ at the defendant’s request, would sell and deliver to Barb and Campbell certain goods, the defendant, by a certain letter dated in November, 18-37, promised the plaintiff that he would be entirely safe in any sales he might make to said Barb and Campbell to any reasonable amount, as they wished to increase their stock on a short credit, and also promised the plaintiff that he, the defendant, would be security for the saX&Barb and Campbell, on account of such sales, until they should secure the confidence*of the plaintiff’by their ow.n punctuality, or until the plaintiff’should be otherwise directed by the defendant; that the plaintiff confiding in the said promise, &c., did, before said Barb and Campbell had secured his confidence, and before he was otherwise directed by the defendant, sell and deliver to said Barb and Campbell, on a certain credit, certain goods to increase their stock, &c., amounting to $300; that though the credit had elapsed, yet said Barb and Campbell had not, though often requested, paid, &c.; of all which the defendant, on, &c., had .notice : Yet the defendant has not paid, &c. '
The second count is a general one for goods sold and delivered.
Plea, the general issue.
The Cause was submitted to the Court. ' On the trial, Mr. Barb, of the said firm of Barb and Campbell, was offered by the plaintiff as a witness. The defendant objected to *15 the witness as incompetent, bnt the objection was overruled. The evidence in the cause was as follows :
Shortly after the date of the letter of credit described in the declaration, and which was read in evidence, Barb and Campbett delivered it to the plaintiff, who furnished them, on the credit of the letter, with goods to the amount of about $200, on ninety days’ credit. One of the firm, on bringing the goods home, informed the defendant of the plaintiff’s having furnished the goods. The greater part of that bill of goods was, some time afterwards, paid by Barb and Campbell; arid the plaintiff then furnished them with other goods, amounting to about $200, on the same terms. After the credit expirexl, which was in the spring of 1838, the plaintiff sent his clerk to Barb and Campbell to demand payment. On the demand being made, they paid a part and gave their due bill for the balance, viz., $133, dated the 12th of July, 1830. They offered then to confess judgment for that balance, and replevy the judgment, which offer the clerk refused. At that time Barb and Campbell would have secured the debt; but they have since become insolvent. No part of said balance had been paid.
The Circuit Court, on this evidence, gave judgment in favour of the plaintiff for $147 in damages.
The first question in the cause is as to the admissibility • of the witness who was objected to as incompetent. The objection, which was founded on the supposed interest of the witness was correctly overruled. If the plaintiff, who called the witness, succeeded, he could not, it is true, after-wards sue the witness for the same demand. But the defendant, having been obliged to pay the debt as the witness’ guarantor, could sue the witness for the amount thus paid for him together with the'costs of suit. The determination of the cause, therefore, in the plaintiff’s favour, instead of benefiting the witness would be an injury to him.
.The next question relates to the nature of the contract on which the suit is founded. The plaintiff in error considers *16 his contract to be collateral, viz., that he was to pay for the goods only in case of the default of Barb and Campbell. On the contrary, the defendant in error contends that the promise, contained in the letter of credit, to pay for the goods was unconditional; and that he has a right to recover on the general count for goods sold and delivered.
We think the legal construction of the contract proved in this case is as the plaintiff in error understands it. Letters of credit, to be sure, frequently state, in express terms, that if the third party do not pay, the writer will. But the insertion or omission of such statement is not the test by which to determine-the character of the contract. If the writer state that he will guaranty the payment of goods to be afterwards sold to another, or that he will see the goods paid for, or that he will be security for their payment, the promise is only collateral. The purchaser, under these circumstances, for whose use the goods are furnished, is himself liable in the first instance, and it is only after his default that the surety ^becomes liable. Chitt. on Contr., 397, et seq. Here, Barb and Camp bell bought and received the goods for their own use, and the plaintiff looked to them in the first instance, as he Was bound to do, for payment. They were answerable, as the principal debtors, on a general count for goods sold and delivered; but the defendant, as their guarantor or surety, is only liable in a suit founded on the special contract. Mines v. Sculthorpe, 2 Camp., 215.
Another question in the cause is, whether the evidence supports the special count?
It appears that in July, 1839, the plaintiff demanded payment of Barb and Campbell of the amount then due on the sales with which the guarantee was connected. They paid a part and gave a due bill, as it is called, for the balance. But no notice of this demand and non-payment, or of the amount due, was ever given to the defendant. In February, 1841, which was eighteen months after the debt was due and demanded, this suit was commenced. The *17 defendant objects to the suit on the ground of his not having had notice of his principal’s default and of the amount due; and in support of the objection, he relies on a decision of the Supreme Court of the United States. The contract in that case was similar to the one before us. It was a promise by the defendant to answer for the default of another, and was a continuing guarantee. The Court below bad refused to instruct the jury, that it was necessary for the plaintiff to prove that he had demanded payment of the principal debtor, and had given the defendant notice, within a reasonable time, of the non-payment. The Supreme Court determined that the instruction ought to have beeu given. The following is the language of the Court: “By the very terms of this guarantee, as -well as by the general principles of law, the guarantors are only collaterally liable upon the failure of the principal debtor to pay the debt. A demand upon him, and a failure on his part to perform his engagements, are indispensable to constitute a casus foederis. ■ The creditors are not indeed bound to institute any legal proceedings against the debtor, but they are required to use reasonable diligence to make demand, and to give notice of the non-payment. The guarantors are hot to be held to any length of indulgence of credit which the creditors may choose, but have a right to ^insist that the risk of their responsibility shall be fixed, and terminated within a reasonable time after the debt has become.due.” Douglass v. Reynolds, 7 Peters, 113, 127. That case fully sustains the defendant’s objection to the sufficiency of the plaintiff’s evidence.
There is another point as respects the evidence which it may be proper to notice. There is proof, that when the demand of payment was made on Barb and Campbell, they were able and willing to secure the debt, but that they after-wards became insolvent. It is decided that if a person, not the payee, indorse a note before its delivery with the words “ 1 guaranty the payment of the within note,” the promise is collateral, the guarantor not being liable in the first in *18 stance. It is also decided in that case, that the mere laches of the payee, who was the plaintiff', in not demanding payment of the maker, and giving notice to the defendant, who was the guarantor, of the non-payment, 'would not of itself discharge the defendant; yet that as the maker was solvent when the note fell due and became insolvent afterwards, the plaintiff ought not to recover against the guarantor. Oxford Bank v. Haynes, 8 Pick., 423. "Were we to recognize that decision as correct, and consider it applicable to the present case, it would not benefit the plaintiff. The suit must still fail in consequence of the damage which, were the plaintiff’ to recover, would be sustained by the defendant from his want of notice ofBarb and Campbell’s default, who were solvent when the demand on them for the debt was made, but who afterwards became insolvent. 3 Kent’s Comm., 123.
P. Sweetser, for the plaintiff.
B. A. Lockwood, for the defendant.
Per Curiam.—The judgment is reversed, with costs. Cause remanded, &c.