Nov. Term,
1860.

Virden
v.
Ellsworth.

Virden and Another *v.* Ellsworth.

*A.* leased certain premises to *B.*, and, on the same day, *C.* signed an agreement, indorsed on the back of the lease, whereby he guarantied the payment of the rent, as stipulated, in case of non-payment by *B.* Suit by *A.*, against *B.* and *C.*, upon the lease and guaranty, for the rent.

*Held*, that the undertaking of the guarantor was distinct from that of the principal and collateral thereto, and that the parties were improperly joined.

*Held*, also, that notice should have been given to the guarantor, of the default of his principal, within a reasonable time thereafter, unless facts existed which dispensed with such notice.

Saturday,
December 1.

APPEAL from the *Tippecanoe* Common Pleas.

Hanna, J.—*Ellsworth* sued *Ford* and *Virden*, upon an instrument in writing, executed by *Ford*, for the payment of rent, and a guaranty thereon by *Virden*.

The complaint is against *Ford*, upon the writing, and avers the non-payment, by him, of rent as stipulated; and against *Virden*, upon the indorsement thereon signed by him, and which, it is averred, was executed on the same day, and in consideration that *Ellsworth* would deliver possession of the premises to *Ford*, and is in these words, to wit:

"For value received, I guaranty the payment of the rent, as stipulated by said *Ford*, in case of non-payment, by him. *August*, 14, 1850."

Separate demurrers were filed, by the defendants, to the complaint, which were overruled. It is insisted that there was a misjoinder of parties and, of course, of actions, and that the complaint does not state facts sufficient, &c.

The argument is, that the liability of *Ford* was primary, and that of *Virden*, secondary; and, therefore, the instrument not being negotiable, they could not be joined; because there was no joint liability, and the causes of action show that there was no unity of interest, 2 R. S., § 16, p. 31; the one being liable, if at all, as lessee, the other, as guarantor.

We are of opinion that the parties were improperly joined. The undertaking, or contract, of the guarantor was distinct

from that of the principal, and collateral thereto; and his liability dependent upon a contingency, namely: the non-payment of rent by the lessee. *Nelson* v. *Boynton*, 3 Met. 396; *Skelton* v. *Brewster*, 8 Johns. 376.

For this reason the complaint was bad, as well as for the further reason, that there is no special averment of notice, to the guarantor, of the non-payment of the rent, or any excuse shown for the failure to give such notice, or aver it. This notice, we think, should have been given in a reasonable time after the breach of the undertaking, unless facts existed which dispensed with it. *Smith* v. *Bainbridge*, 6 Blackf. 12; 1 Par. on Con. 514; 2 *id.* 174.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*G. S. Orth* and *J. A. Stein*, for appellants.
*Wm. C. Wilson* and *Geo. Gardner* for appellee.