McMillan and Others *v.* The Bull's Head Bank.

---

## McMillan and Others *v.* The Bull's Head Bank.

SURETY AND GUARANTOR.—A surety is bound with his principal as an original promisor, and his obligation to pay is equally absolute; he is held ordinarily to know every default of his principal, and cannot protect himself by the mere indulgence of the creditor or by the want of notice of the default of the principal, however much such indulgence or want of notice may, in fact, injure him.

The contract of a guarantor is his own separate contract. He is not bound to do what the principal has contracted to do, like a surety, but only to answer for the consequences of the default of the principal. He is not bound to take notice of the non-performance of the original contract of the principal, and the creditor should give him notice; and if the guarantor can prove that he has suffered damage by the failure to give such notice, he will be discharged to the extent of the damage thus sustained. He cannot be sued with his principal. One contracting jointly with the principal debtor is, it seems, never deemed a guarantor.

*Query* as to the doctrine of notice in cases of guaranty.

SAME.—A., B., and C. executed to a certain bank a joint and several bond in a penalty of $15,000, with a condition reciting, that A. had become a member of a certain firm, rendering it probably necessary for him to use more funds in the business of the firm than he would have at command, which he proposed to borrow; and then proceeding thus: "Now the foregoing bond is to be in force and binding upon us, according to its terms, for the full amount of any loans and advances the said bank may make to said A. in connection with his said business, not to exceed in amount $15,000, for which sums by the foregoing bond we acknowledge ourselves his sureties; and in case of his failure to pay any such loans and advances as aforesaid, that the same shall and may be collected off of us. Unless such loans and advances are made to said A. in his business aforesaid, upon the faith of this bond, the same is null and void," &c.

*Held*, that this was not a mere overture, or proposition, by B. and C. to guaranty, but was an an actual undertaking.

*Held*, also, that the instrument was not a guaranty, in any strictly legal sense, but that B. and C. were sureties.

*Held*, also, that notice to the sureties of loans made on the credit of the bond and of the default of the principal debtor, was not necessary, in order to fix the liability of the sureties.

*Held*, also, that the fact that the loans made were not given *solely* on the credit of the bond, did not affect the question of liability.

*Held*, also, that all the obligors might be sued on the bond together.

APPEAL from the Rush Circuit Court.

FRAZER, C. J.—This was a suit by the Bull's Head Bank

against James T. and Samuel E. McMillan and James God-dard, upon a joint and several bond executed by them in a penalty of fifteen thousand dollars, with a condition reciting, that James T. McMillan had become a member of a certain firm in New York, rendering it probably necessary for him to use more funds in the business of the firm than he would have at command, and which he proposed to borrow; and then proceeding thus: "Now the foregoing bond is to be in force and binding upon us, according to its terms, for the full amount of any loans and advances the said bank may make to said James T. McMillan in connection with his said business, not to exceed in amount fifteen thousand dollars, for which sums by the foregoing bond we acknowledge ourselves his sureties, and in case of his failure to pay any such loans or advances as aforesaid, that the same shall and may be collected off of us * *. Unless such loans and advances are made to said McMillan in his business afore-said, upon the faith of this bond, the same is null and void. In witness," &c. It was averred by the complaint, that the plaintiff, on the faith of the bond, for the accommodation of James T. McMillan in the business aforesaid, loaned to him certain sums, viz., eight hundred and forty dollars on the check of one Miller on another bank, indorsed by Mc-Millan, and seven hundred and seventy-five dollars on a similar check of one Meyer, indorsed, &c.; that said checks were duly presented for payment, which was refused, and thereupon protested, &c.; and that both checks remain un-paid, &c. Copies of the bond and checks were made ex-hibits. There was also a paragraph for money loaned and money paid. It is assigned for error, and pressed up-on our consideration, that the court below erred in overrul-ing a demurrer by the sureties to the first paragraph of the complaint.

The argument is, that the bond shows a mere overture to guaranty by the sureties, which at most would only create a secondary and collateral liability; and that there should have been an averment of notice of the loans made on the

McMillan and Others *v.* The Bull's Head Bank.

credit of the bond, and of the default of the principal debtor.

It was not an, overture, or proposition, to guaranty, but an actual undertaking. The distinction will be readily seen by an examination of the cases of *Stafford* v. *Low*, 16 Johns. 67, and *Beekman* v. *Hale*, 17 Johns. 134.

There is. considerable loose writing in the text books upon the subjects of guaranty and suretyship. Sometimes the two things are confounded throughout, and the terms used interchangeably, as signifying the same thing. This has introduced some confusion in the cases, so that there are *dicta*, and even decisions, to the effect that, to fix the liability of a guarantor, notice of default of the principal debtor is required, much as in the case of an indorser of strictly commercial paper. *Smith* v. *Bainbridge*, 6 Blackf. 12, is a case of this character. It was decided on the authority of *Douglass* v. *Reynolds*, 7 Pet. 113, and was followed in *Virden* v. *Ellsworth*, 15 Ind. 144. *Harris* v. *Pierce*, 6 Ind. 162, is not quite in harmony with those rulings, however. This doctrine has never been applied, that we are aware of, only in cases of letters of credit and the guaranty of commercial paper, except in *Virden* v. *Ellsworth*; and its soundness has been utterly denied even in that class of cases, in New York and Massachusetts. *Oxford Bank* v. *Haynes*, 8 Pick. 423; *Douglass* v. *Howland*, 24 Wend. 35; *Smith* v. *Dann*, 6 Hill, 543. It is certain that the Supreme Court of the United States found it impossible to stand upon the broad principle which they had laid down in *Douglass.* v. *Reynolds*, *supra*; for when the same case came before that court again, a very important modification of the former ruling as to notice of default was made. *Reynolds* v. *Douglass* 12 Pet. 497. See, also, 2 Am. L. Cas. 124. It is possible that the subject should receive a more thorough consideration than it has heretofore received in this court, before the questions alluded to can be deemed closed against further discussion in this State. The view which we take of the bond sued on in the case before us, renders it unnecessary to enter upon that investigation at present; and what

has been said concerning the matter is not intended to commit the court upon it.

We are not of the opinion that the instrument sued on is a guaranty, in any strictly legal sense. A guaranty differs in some important respects from suretyship, and it is not easy to define it by any brief and comprehensive formula. Mr. Parsons says, "we cannot, therefore, define a guarantor of a bill or note any better, than by saying that he is one who engages that the note shall be paid, but is not an indorser nor a surety." 2 Par. Notes and Bills, 117. And yet the same author, in his excellent work on contracts (chap. VII.), uses the terms guaranty and suretyship as being of the same import. So, also, does Mr. Chitty, in his work on contracts. Chit. Con. 546. The contract of a surety corresponds with that of a guarantor in many respects, but important differences exist. The surety is bound with his principal as an original promisor—he is a debtor from the beginning and must see that the debt is paid, and is held ordinarily to know every default of his principal, and cannot protect himself by the mere indulgence of the creditor, nor by want of notice of the default of the principal, however such indulgence or want of notice may, in fact, injure him. Being bound with the principal, his obligation to pay is equally absolute. On the other hand, the contract of a guarantor is his own separate contract; it is in the nature of a warranty by him that the thing guaranteed, to be done by the principal, shall be done—not merely an engagement jointly with the principal to do the thing. A guarantor, not being a joint contractor with his principal, is not bound to do what the principal has contracted to do, like a surety, but only to answer for the consequences of the default of the principal. The original contract of the principal is not his contract, and he is not bound to take notice of its non-performance; and therefore the creditor should give him notice—and it is universally held that if the guarantor can prove that he has suffered damage by the failure to give

McMillan and Others *v*. The Bull's Head Bank.

such notice, he will be discharged to the extent of the damage thus sustained. It is not so with a surety.

In the present case, the contract is joint and several, and the principal debtor is a party to it. The others are described in it as sureties and expressly contract to answer as sureties. All may, of course, be sued together. But a guarantor cannot be sued with his principal; for his engagment is not jointly with the latter, but is strictly an individual contract. There is no case in the books, to our knowledge, and some pains has been bestowed in their examination, in which one contracting jointly with the principal debtor has been deemed a guarantor and allowed to avail himself of such defenses as are peculiar to that character. The bond does not purport to be a contract collateral to some other engagement of the principal debtor. Its terms did not require that the contemplated loans should be made upon any other or additional security. It authorized loans to be made upon any terms that might be agreed to by the principal and the bank; and the obligation of the sureties was to pay them at maturity, if the principal did not. It differed in no essential respect from any ordinary bond of a principal and sureties, conditioned to answer for a default of the principal. In such cases, surely neither notice of acceptance nor notice of default is necessary to fix the liability of the sureties. We are of opinion that the complaint was good, and the demurrer to it properly overruled.

Upon trial of the issue made by an answer of general denial, the evidence showed that the loans were not made solely upon the credit of the bond. We do not think that this affected the question of liability.

Judgment affirmed, with four per cent. damages and costs.

*M. M. Ray, B. F. Claypool,* and *B. L. Smith,* for appellants.

*L. & W. O. Sexton,* for appellee.