## LEONARD and Others *v.* SHIRTS.

GUARANTY.—*Notice.—Lease.*—It was stipulated in a lease for two years, that the lessee should pay the lessor rent, in a certain sum for the entire period, in two equal payments, for which the lessee agreed to give his notes, with surety to the satisfaction of the lessor. Certain third persons executed an agreement annexed to the lease, as follows: "We guarantee that" the lessee "shall perform his agreements in the foregoing contract." The lessee took possession, and failed to execute such notes or pay the sum due, of which notice was given to the guarantors ten months after the commencement of the lease.

*Held,* that the guarantors were not released from their liability as such as to the payment of the money, by the neglect of the lessor to notify them at an earlier date of the failure of the lessee to give the notes.

APPEAL from the Hamilton Circuit Court.

RAY, J.—Action by appellee upon a contract leasing to Leonard a farm for two years from March 1st, 1866, charging various breaches of the contract and joining the co-appellants, who executed this agreement: "We guarantee that John R. Leonard shall perform his agreements in the foregoing contract." One part of the original contract was, that Leonard should pay the appellee one thousand dollars for the two years rent, in two payments of five hundred dollars each, for which he was to give his notes with surety to the satisfaction of the appellee. A demurrer was overruled to the statement of the cause of action. The complaint alleges, that Leonard took possession and failed to execute such notes or pay the sum due, and that notice of this fact was given said guarantors on the 1st of January, 1867. It is insisted that

the neglect to notify the guarantors at an earlier date, of the failure of Leonard to give the notes, released them from liability. But it is plain that the principal thing intended by this contract was the payment of the money, and that the giving of the notes could be waived by the appellee, if the guarantors did not themselves see that the notes were executed and tendered. This duty rested upon them and was a matter for their own protection and security, and their neglect affords no defense against the liability which was incurred by them in guaranteeing that Leonard should pay the money. The same question is presented by answers, to which demurrers were properly sustained.

Judgment affirmed, with three per cent. damages and costs.

*J. O'Brien* and *J. W. Evans*, for appellants.

*A. F. Shirts*, for appellee.