### GAFF ET AL. *v.* SIMS ET AL.

GUARANTY.—*Notice.*—*Insolvency.*—A guarantor is entitled to notice of the default of the party, the performance of whose contract he has guaranteed.

SAME.—Certain parties guaranteed the performance of a contract for the purchase of a lot of cattle and.the payment therefor. For eighteen months after the maturity of the contract the principal was solvent, but afterward, and before suit, he became insolvent. No notice of his default was given to the guarantors.

*Held,* that the guarantors were discharged.

SAME.—The difference between liability of surety and guarantor discussed.

From the Bartholomew Circuit Court.

*R. Hill* and *G. W. Richardson,* for appellants.

*F. T. Hord,* for appellees.

DOWNEY, C. J.—This was an action by the appellants against the appellees on the following instrument of writing:

"COLUMBUS, Ind., May 2d, 1863.

"Memorandum of a contract made and entered into this day between David Gibson, agent, of the first part, and D. C. May of the second part, witnesseth, that the party of the first part has sold to the party of the second part eighty head of cattle, now being fed by him near Lowell Mills, to be delivered and weighed on the scales at Lowell Mills, on or before the twentieth day of the present month, said cattle to be well fed up to the time of delivery and taken out early in the morning before feeding and weighed without delay, for which the party of the second part is to pay to the party of the first part four dollars and sixty cents per hundred pounds on foot for sixty head of the fattest, heaviest cattle, and four dollars and twenty-five cents per hundred pounds on foot for twenty of the next fattest and heaviest cattle. The only exception to this is, that one heavy fat stag with a ring in his nose goes with the lot of twenty head. Said party pays eighty dollars on this contract, the receipt of which is hereby acknowledged, and the balance within fifteen days after the delivery of the cattle, and is to furnish

good and sufficient security for the performance of this contract, and in case of any litigation growing out of this contract, all relief from any valuation or appraisement laws is hereby waived.                          DAVID GIBSON, Agt.

                                                "D. C. MAY.

"We, or I, guarantee the performance of the foregoing contract.                                JOSHUA S. SIMS,

                                                    his

                                    " CHAS. ⋈ MORRISON,
                                                mark.

                                    " HENRY McCULLOUGH,

                                    " RICHARD CARTER,

                                    " WM. MAY,

                                    " N. S. BRYANT,

                                    " M. GAFFNEY,

                                    " JACOB COOK."

The complaint consisted of seven paragraphs. Demurrers to the first, fourth, and sixth paragraphs were sustained by the court. Issues were formed upon the remaining paragraphs. There was a trial by the court, and a special finding and conclusion of law as follows: "Upon the trial of this cause by the court, at the request of plaintiffs, the court finds specially therein as follows:

" 1. The court finds that there is still due upon the contract sued on the sum of three hundred and fifteen dollars and seventeen cents.

" 2. The court finds that the defendant Daniel C. May was principal in said contract, and that all the other defendants were guarantors upon said contract, and not sureties.

" 3. The court finds that at the maturity of said contract, and for eighteen months thereafter, said Daniel C. May was solvent, and that at the time of commencing this suit he was insolvent.

" 4. The court finds that no notice was given by said plaintiffs, or in their behalf, to any of said other defendants of the failure of said May fully to pay the amount due on said contract, or of any default on said contract by said May.

" 5. The court finds that by the negligence of plaintiffs to notify defendants of May's default, and to proceed to collect said balance from said May for the length of time elapsing after the maturity of said contract before the bringing of this action, the defendants were prejudiced by the fact, which the court also finds, that said Daniel C. May became insolvent after a reasonable time for notifying defendants and bringing suit against said May, and before any suit was brought.

" 6. Upon the foregoing facts the court finds the law to be as follows : That said defendants, except said Daniel C. May, are discharged from liability by the negligence of said plaintiffs, to which conclusion of law upon the facts found the plaintiffs except.          JAMES S. HESTER, Judge."

The plaintiffs moved for a new trial which was refused, and final judgment was rendered for the defendants.

The assignments of error are the sustaining of the demurrer to the first, fourth, and sixth paragraphs of the complaint, error in the conclusion of law. by the court, and the refusal to grant a new trial.

By the various exceptions to the rulings of the court, and the errors assigned, the question is presented whether the parties to the instrument in question, other than Daniel C. May, are sureties or only guarantors.

There are important differences between the contract of suretyship and that of guaranty.   A surety is bound with his principal as an original promisor ; he is a debtor from the beginning, and must see that the debt is paid, and is held ordinarily to know every default of his principal, and cannot protect himself by the mere indulgence of the creditors, nor by want of notice of the default of the principal, however much indulgence or want of notice may, in fact, injure him.   Being bound with the principal, his obligation to pay the debt is equally absolute with that of the principal.

The contract of a guarantor, on the other hand, is his own separate contract ; it is in the nature of a warranty by him

that the thing guaranteed to be done by the principal shall be done, and not merely an engagement jointly with the principal to do the thing. A guarantor, not being a joint contractor with his principal, is not bound to do what the principal has contracted to do, like a surety, but only to answer for the consequences of the default of the principal. The original contract of the principal is not his contract, and he is not bound to take notice of its non-performance; and therefore the creditor should give him notice; and it is universally held that if the guarantor can prove that he has suffered damage by the failure to give such notice, he will be discharged to the extent of the damage thus sustained. It is not so with a surety. A guarantor cannot, as a general rule, be sued with his principal, for his engagement is not jointly with the latter, but is strictly an individual contract. *McMillan* v. *The Bull's Head Bank*, 32 Ind. 11.

There is nothing in the words used in the instrument in this case decisive of the question involved. It was stipulated that the purchaser should "furnish good and sufficient security," but this requirement might have been complied with without the giving of sureties. It might have been by mortgage, pledge, or guaranty. And this is so for another reason, and that is, that while the word "security" is used in the original contract, the word "guarantee" is used in the addition to the instrument, by which the appellees are sought to be held liable. The appellees had a right to state the terms on which they would become liable. They did so by stating that they guaranteed the performance of the contract. We see no reason why the instrument, as to them, should not be construed as being a guaranty. The case of *Virden* v. *Ellsworth*, 15 Ind. 144, was an action to recover rent, and it was brought against the principal and guarantor jointly. The guaranty in that case was written on the back of the lease, and not on the face, as in this case, but this can make no material difference. Its language was, "for value received, I guarantee the payment of the rent, as stipulated

by said Ford, in case of non-payment by him." The court held that the agreement was one of guaranty, and not of suretyship. HANNA, J., said, in delivering the opinion of the court: "We are of opinion that the parties were improperly joined. The undertaking, or contract, of the guarantor was distinct from that of the principal, and collateral thereto; and his liability dependent upon a contingency, namely: the non-payment of rent by the lessee. *Nelson* v. *Boynton*, 3 Met. 396; *Skelton* v. *Brewster*, 8 Johns. 376. For this reason the complaint was bad, as well as for the further reason, that there is no special averment of notice, to the guarantor, of the non-payment of the rent, or any excuse shown for the failure to give such notice, or aver it. This notice, we think, should have been given in a reasonable time after the breach of the undertaking, unless facts existed which dispensed with it. *Smith* v. *Bainbridge*, 6 Blackf. 12; 1 Pars. Con. 514; 2 Pars. Con. 174."

In the case of *Smith* v. *Bainbridge, supra*, the defendant had guaranteed the payment for goods to be furnished to a third party, and no notice had been given of the default of the principal. The court held that the guarantor was not liable. In that case, the principal was solvent when the default took place, but had become insolvent when the action was brought. Such are the facts in the case under consideration. We are not called upon to decide what might be the rule as to notice in a case presenting a different state of facts. We have examined the case of *Leonard* v. *Shirts*, 33 Ind. 214, relied upon by appellants. In our opinion, the court committed no error in holding, in accordance with these cases, that the guarantors were discharged by the failure, under the circumstances, to give them notice of the default of their principal.

In *McMillan* v. *The Bull's Head Bank, supra*, FRAZER, J., refers, in terms of disapprobation, to the cases of *Smith* v. *Bainbridge* and *Virden* v. *Ellsworth*, but as the case which he was deciding was held not to be one of guaranty, the criticism was hardly called for. We are content to follow the cases to

which we have referred upon the question as to the necessity for notice.

The judgment is affirmed, with costs.