TAYLOR ET AL. *v.* TAYLOR.

GUARANTY.—*Guaranty to Landlord of Tenant's Rent.—Action on.—Answer of Lessee's Death.*—In an action by the lessor's endorsee, against the lessee's guarantor, upon a written lease and guaranty, to recover rent due, it is no defence to answer that the rent sued for accrued after the death of the lessee and during the occupancy of the premises by a third person.

SAME.—*Unnecessary Reply.*—A paragraph of answer simply denying such guaranty needs no reply, and, if such a reply be filed, there is no error in sustaining a demurrer thereto.

SAME.—*Proof of Service of Notice.—Sheriff's Return.*—A written notice to such guarantor of the default of the lessee, bearing the official certificate of the sheriff that he had served the same upon the guarantor by copy, is competent evidence of service of the notice.

SAME.—*Lease.—Demand.—Notice.*—Where, by the terms of such lease, the rent is payable at stated times, in specified instalments, the guarantor, on default of the lessee, is immediately liable, without either notice or demand.

SAME.—*Judgment Follows Verdict.—Unnecessary Party.—Clerical Error.*— Where, though the complaint states no cause of action against any but the defendant, a third person is permitted, on his own petition, to appear and answer, and a verdict is found against "the defendant," the use of the word "defendants" in the judgment will be treated as a mere clerical error, and the judgment be held as one against the original defendant only.

From the Tippecanoe Circuit Court.

*W. C. Wilson, J. H. Adams* and *A. Parsons,* for appellants. *M. Jones* and *J. L. Miller,* for appellee.

BIDDLE, J.—The complaint in this case counts upon a lease executed by Lyman O. Taylor to Barney Spitznagle, for certain premises in the city of Lafayette, known as the

Taylor *et al. v.* Taylor.

"Bramble House," with a guaranty executed by Stephen O. Taylor, endorsed upon the lease, covenanting that the lessee would perform all the stipulations in the lease on his part. Spitznagle assigned the lease by endorsement to the appellee. Averments of notice to the guarantor of non-payment, and demand. Breaches assigned. Demurrer by Stephen O. Taylor to the complaint, for want of facts, overruled. Answer, general denial and several special paragraphs, to the fifth of which a demurrer, alleging the want of facts, was filed and sustained. A demurrer to a reply to the fourth paragraph of answer, for want of facts, was overruled. This presents the pleadings between the appellee and the appellant Stephen O. Taylor. Esther L. Taylor was made a party defendant on her own petition, and answered. Trial by jury, and verdict for plaintiff. The appellant Stephen O. Taylor moved for a new trial, one assigned cause for which was the improper admission of evidence. This statement of the case shows the bases of all the questions discussed by the appellant in his brief. Other questions were made in the progress of the case, which are not stated. They were not discussed, and must be held as waived.

The appellant Stephen O. Taylor makes five points in his brief.

1. That the court erred in overruling the demurrer to the complaint:

1st. Because the written guaranty is not made a part of the complaint; and,

2d. Because the complaint contains no averment of a demand upon the guarantor.

We think the appellant is mistaken in both of these questions. The written guaranty is copied into the complaint, and a written notice to the guarantor of the failure of the lessee to pay the rent, and a demand for the rent from the guarantor, are also copied into the complaint.

There is also a general demand averred.    The complaint is abundantly good.

2.    That the court erred in sustaining the demurrer to the amended fifth paragraph of answer.

The substance of this paragraph, before it was amended, was, that the lessee died on the 4th day of October, 1875, and the premises were not thereafter occupied by the administrator or other legal representative.    In an amendment to this paragraph it is averred, " that, after the death of said lessee, said premises were occupied by Esther L. Taylor and Lyman C. Taylor, Jr., or by one of them, by and with the consent of the plaintiff."

There is no validity in this paragraph.    Whether the premises were occupied or not, the lessor, or his assignee, was entitled to the rent, under the law.

3.    That the court erred in overruling the demurrer to the second paragraph of reply.  This reply was to the fourth paragraph of answer, which was simply a denial of the guaranty, and therefore required no reply.    There is no error in this ruling.

4.    That the court admitted a written notice to go to the jury as evidence, without proof of its service.

This writing purports to be a notice to the appellant, as guarantor of the default of the lessee in the payment of the rent.    A certificate of its service upon the appellant by delivering him a copy is attached to the notice, and signed by the sheriff.    This is sufficient proof of service. Section 292, 2 R. S. 1876, p. 154 ;  *White* v. *Webster*, 58 Ind. 233.

5.    That the evidence is insufficient to sustain the verdict.

The defect pointed out in the evidence is, that there is none which tends to prove a demand of the rent upon the lessee.  No such demand was, nor was any such proof necessary.   The rent was payable in sums certain, and at

fixed dates. When, by the terms of the contract, the obligation of the guarantor is the same as that of the principal, as in this case, then, as soon as the principal is in default, the guarantor is also in default, and may be sued immediately, and before any proceedings are had against the principal; and when, by his contract, the guarantor undertakes unconditionally, that his principal shall pay a given sum of money at a stated time, no demand of payment on the principal, or notice of his default, is necessary, before suing the guarantor. Brandt Suretyship & Guaranty, secs. 82, 170; *Smith* v. *Rogers*, 14 Ind. 224; *Virden* v. *Ellsworth*, 15 Ind. 144; *Leonard* v. *Shirts*, 33 Ind. 214; *Sample* v. *Martin*, 46 Ind. 226; *Bank, etc.,* v. *Hammond*, 1 Rich. 281; *Peck* v. *Barney*, 13 Vt. 93; *Mann* v. *Eckford's Executors*, 15 Wend. 502; *Redfield* v. *Haight*, 27 Conn. 31; *Hoey* v. *Jarman*, 39 N. J. 523; *March* v. *Putney*, 56 N. H. 34; *Penny* v. *Crane Brothers Manufacturing Co.*, 80 Ill. 244.

Esther L. Taylor has presented the question of the sufficiency of the complaint, by an assignment of error, in this court. This is the only question that is discussed in her behalf.

There is no deficiency in the complaint, of which she can complain. There is no cause charged in it against her; the appellee sought and seeks nothing against her; there is neither a verdict nor a judgment against her. The verdict is against " the defendant," and must be held to refer to the defendant in the complaint. In rendering the judgment, the words " the defendants " are used, but in reference to the verdict which precedes; and the use of the word " defendant " in the singular number, which follows the use of the word " defendants " in the plural, is so clearly a clerical error—a mere misprision of the clerk—that we can not hold the judgment to be against any person but the defendant in the complaint. Esther L. Taylor can not

come in as a defendant upon her own motion, for the purpose of defeating the appellee's claim against the guarantor, and, failing in that, then seek to reverse the judgment against the guarantor, because the complaint shows no cause of action against her. Besides, there being no judgment against her, there is nothing of which she can complain. •

The judgment is affirmed, at the costs of the appellant Stephen O. Taylor, with ten per cent. damages.