## MILROY *v.* QUINN ET AL.

PLEADING.—*Uncertainty in, How Reached.*—Mere uncertainty in a complaint can not be reached by a demurrer for want of facts, but only by a motion to make more certain.

SAME.—*Practice.*—*Harmless Error.*— There is no available error in sustaining a demurrer to special paragraphs of answer, when a general denial, which is in at the trial, covers the same ground.

GUARANTY.—*Direct and Collateral.*—*Notice of Acceptance and Default.*— *When Necessary to Bind Guarantor.*—When a guaranty is direct and the thing guaranteed definite in its amount and known to the guarantor at the time he gives his guaranty, neither notice of the acceptance of the guaranty, nor the default of his principal, need be given to the guarantor. But when the guaranty is collateral, and the debt guaranteed yet to be created, the amount of which is uncertain and may be variable, and can not be known to the guarantor at the time he makes the guaranty, notice within a reasonable time to the guarantor by the guarantee, of his accept-

ance of the guaranty and of the default of the principal, is necessary, or the guarantor will be discharged.

SAME.—*Collateral Guaranty.*—The following guaranty, omitting date and signature, falls within the class where notice of acceptance and default is necessary : " Gents: Allow me to say to you that any cigars that C. Conover, of Logansport, Ind., may order from you for the next six months, if he fails to pay you for them, I will stand responsible to you for them."

## From the Tippecanoe Circuit Court.

*J. Applegate*, for appellant.

*D. P. Baldwin*, for appellees.

BIDDLE, J.—The amended complaint of the appellees, against the appellant, states the following facts :

That the plaintiffs were partners in business, under the name and style of Quinn & Klinger, and were dealers in tobacco and cigars. Having doubts as to the solvency of Cornelius Conover, who lived in Indiana, the said plaintiffs being residents of Ohio, and Conover having applied to them for a sale of goods, they refused to make him any advance without a guaranty; whereupon the defendant made and delivered to the plaintiff his writing, as follows :

" DELPHI, IND., Jan. 14, '74.

" Gents : Allow me to say to you, that any cigars that C. Conover, of Logansport, Ind., may order from you for the next six months, if he fails to pay you for them, I will stand responsible to you for them.

·· Yours Very Respectfully,

·· SAM'L L. MILROY.

" To Quinn & Klinger, Eaton, Ohio."

Which writing the plaintiffs received, and upon the faith thereof, and within the six months next succeeding January 14th, 1874, upon Conover's order, sold and delivered to him one thousand dollars worth of cigars; that Conover failed to pay for the cigars, but became in default to the plaintiff in said sum of one thousand dollars : that July 7th, 1874, plaintiffs notified the defendant of

said default; that plaintiff sued Conover in the Cass Circuit Court, and April 30th, 1875, recovered judgment against him for eight hundred and seventy-five dollars, and costs taxed at twenty-five dollars, upon which execution was issued and returned wholly unsatisfied, and no part of the debt has ever been paid. Prayer for judgment.

The complaint seems to have been hastily drawn, and is not complete in all its averments; yet, if the notice given by the plaintiffs to the defendant, of Conover's default in making payment as averred, is sufficient, we think in other respects the complaint can be held good.

A demurrer for want of facts was overruled to the amended complaint. The second, third and fourth paragraphs of answer, to which separate demurrers for the want of facts were sustained, also present the question as to the sufficiency of the notice to the defendant of Conover's default. Issues of fact were joined on several other paragraphs of answer, and a trial had by the court, resulting in a special finding and conclusions of law, in favor of the appellees; judgment thereon and appeal.

The assignments of error in this court properly present the questions discussed:

1. It is insisted, that the notice given by the appellees to the appellant, as alleged in the complaint, was not given in time to bind the appellant; but, as we can not see by the complaint at what time the credit was given to Conover, we can not say that it is insufficient for this reason. Perhaps the complaint could have been, and should have been, made more certain on motion: yet, as against a demurrer for want of facts, we must hold it good.

2. We may notice the rulings on the demurrers to the second, third, and fourth paragraphs of the answer, together. Each paragraph, more or less specifically, denies the sufficiency of the notice to the appellant. The general

denial covers the same ground; and, as that was in at the trial, there is no available error on the rulings on the demurrers to the special paragraphs.

3. The exceptions to the conclusion of law on the special finding by the court:

The finding shows that the plaintiffs were partners in the tobacco and cigar trade, in Eaton, Ohio; that Conover lived in Logansport, Indiana, and the defendant was a resident of Carroll County, Indiana; that he made the guaranty, and that it was received by the plaintiffs soon after its date; that the plaintiffs, relying on the guaranty "and solely on account thereof, sold said Conover, within six months after the date of said guaranty, (which is dated January 14th, 1874,) goods in their line to the amount of $3,000.00. Monthly statements of the goods thus sold by Quinn & Klinger were rendered to Conover, and his acceptances therefor were received by them, and used in connection with said guaranty in bank as collateral security to raise money upon, and such as were not paid at maturity by Conover were taken up by said Quinn & Klinger; and all such acceptances were taken up by them before the expiration of said guaranty, that is, before the 14th day of July, 1874. Some of said acceptances were not paid at maturity, and others given in lieu thereof, by said Conover, without the knowledge of the defendant, were all taken up and held by said Quinn & Klinger before the expiration of said guaranty."

The amount due the plaintiffs was then found, and the judgments against Conover stated, as averred in the complaint, and that they remained unpaid.

It was further found, that "on the 7th of July, 1874, Quinn & Klinger notified said Milroy by letter, that Conover had failed to pay them for a part of the goods they had furnished under said guaranty, but did not specify the amount remaining unpaid." Also that Baldwin & Winfield, attorneys for the plaintiffs, on the

30th day of November, 1874, before the commencement of this suit, notified the defendant of Conover's default in making payment to the plaintiffs, and that the amount still due was $850.

The court stated the conclusion of law, as follows: " Upon the facts above found, I hold, as a conclusion of law, that defendant, Milroy, is liable to the plaintiffs for said unpaid balance. Wherefore I find for the plaintiffs the sum of $976.80."

Was it necessary that the guarantee should give the guarantor notice that he had accepted the guaranty, of his action under it in selling the goods to Conover, and of Conover's failure to meet his acceptances given in payment therefor, in order to fix the liability of the guarantor? It seems to us that this is the controlling question in the case.

Guaranties are expressed in so many different forms, and are applicable to so many different conditions of things, that it sometimes becomes difficult to give them their true interpretation. They are often merely proposals to guarantee, sometimes mere recommendations, and frequently little more than expressions of friendship, confidence or courtesy. Sometimes they guaranty what is fixed and known; sometimes something to be done, or brought into existence; sometimes they are continuing, sometimes limited to a single transaction; sometimes direct and sometimes collateral; and always refer to something beyond themselves. They are not like bills of exchange, promissory notes, endorsements, assignments, deeds of conveyance and ordinary contracts, which, from frequent use, have become settled in their forms, and their meaning established by continuous and uniform adjudications. Guaranties are capable of classification, however, and have fixed rules of interpretation, but which are not always easy of application to given cases. For these reasons the

Milroy *v.* Quinn *et al.*

authorities do not always harmonize. But the rule seems to be settled, that when the guaranty is direct, and the thing guaranteed definite in its amount, and known to the guarantor at the time he gives his guaranty, neither notice of the acceptance of the guaranty, nor of the default of his principal, need to be given to the guarantor; for he knew when he made the guaranty the full extent of his liability. But when the guaranty is collateral, and the debt guaranteed yet to be created, the amount of which is uncertain, and may be variable, and can not be known to the guarantor at the time he makes the guaranty, notice within a reasonable time, to the guarantor by the guarantee, of his acceptance of the guaranty, and of the default of the principal, is necessary, or the guarantor will be discharged; for he can not, without such notice, know that the guaranty is accepted, nor of the default of his principal, nor the extent of his liability, and can not protect himself from loss by the principal debtor.

It seems to us that the guaranty before us falls within the latter class. There is nothing in the finding of the court to show that the appellant knew his guaranty had been accepted, nor that the appellees had sold the goods to Conover upon the faith of the guaranty, nor that Conover had made default in payment therefor, nor of the amount of the liability, until the 7th day of July, 1874, within a week of the expiration of the guaranty; while, during the five months which had intervened, the appellees were selling goods to Conover, to the amount of three thousand dollars, and receiving his monthly acceptances therefor, some of which he failed to meet, and several of which were finally taken up by the appellees. Under the circumstances the notice was too late. At the time it was given it was practically useless to the appellant. The debt had been created. Conover had failed to meet his acceptances; all of which was known to the appellees months

before they gave notice to the appellant. This state of facts, we think, should discharge the guarantor.

The appellees rely upon the case of *Jackson* v. *Yandes*, 7 Blackf. 526. The guaranty in that case was similar to the one in this case, except that it concluded with the following words : " This is to be construed as a continuing letter of credit and binding on us until countermanded." The guarantors having thus undertaken to be responsible till they countermanded their guaranty, notice was clearly unnecessary. In the case of *Smith* v. *Bainbridge*, 6 Blackf. 12, which was founded upon a similar guaranty, without the concluding words above quoted, the court held that notice to the guarantor was necessary. See, also, *Gaff* v. *Sims*, 45 Ind. 262.

The following authorities essentially cover the ground of guaranties, illustrate the principles governing them, and more or less directly support this opinion : *Burns* v. *Semmes*, 4 Cranch C. C. 702 ; *Edmondston* v. *Drake*, 5 Pet. 624 ; *Lee* v. *Dick*, 10 Pet. 482 ; *Adams* v. *Jones*, 12 Pet. 207 ; *Shewell* v. *Knox*, 1 Dev. 404 ; *Stafford* v. *Low*, 16 Johns. 67 ; *Reynolds* v. *Douglass*, 12 Pet. 497 ; *McIver* v. *Richardson*, 1 M. & S. 557 ; *Babcock* v. *Bryant*, 12 Pick. 133 ; *Thomas* v. *Davis*, 14 Pick. 353 ; *Clark* v. *Remington*, 11 Met. 361 ; *Kincheloe* v. *Holmes*, 7 B. Mon. 5 ; *Steadman* v. *Guthrie*, 4 Met. Ky. 147 ; *Payne* v. *Ives*, 3 D. & R. N. P. 664 ; *Smith* v. *Anthony*, 5 Mo. 504 ; *Rankin* v. *Childs*, 9 Mo. 673 ; *Lawton* v. *Maner*, 9 Rich. 335 ; *Sollee* v. *Meugy*, 1 Bailey, 620 ; *Wardlaw* v. *Harrison*, 11 Rich. 626 ; *Mozby* v. *Tinkler*, 1 Cromp. M. & R. 692 ; *Birks* v. *Trippet*, 1 Saund. 32 ; *Beebe* v. *Dudley*, 6 Fost. N. H. 249 ; *Cremer* v. *Higginson*, 1 Mason, 326 ; *Allen* v. *Pike*, 3 Cush. 238 ; *Wildes* v. *Savage*, 1 Story, 22 ; *Bradley* v. *Cary*, 8 Greenl. 234 ; *Norton* v. *Eastman*, 4 Greenl. 521 ; *Tuckerman* v. *French*, 7 Greenl., 115 ; *Howe* v. *Nickels*, 22 Me. 175 ; *Craft* v. *Isham*, 13 Conn. 28 ; *Menard* v. *Scudder*, 7 La. An. 385 ; *Bank of Illinois* v. *Sloo*, 16 La. 539 ; *Patterson* v. *Reed*, 7 Watts & S. 144 ; *Kellogg* v. *Stockton*, 29

Pa. State, 460 ; *Taylor* v. *McClung,* 2 Hous. Del. 24 ; *McCollum* v. *Cushing,* 22 Ark. 540 ; *Central Savings Bank* v. *Shine,* 48 Mo. 456 ; *Montgomery* v. *Kellogg,* 43 Miss. 486 ; *Claflin* v. *Briant,* 58 Ga. 414 ; *Mayfield* v. *Wheeler,* 37 Tex. 256 ; *Geiger* v. *Clark,* 13 Cal. 579. See, also, the text-books : 2 Story Con., sec. 1133 ; Addison Con., sec. 1115 ; Brandt Suretyship & Guaranty, secs. 157–163 ; Wade Notice, secs. 378, 380, 386, 406.

According to the main current of these authorities, we think the court erred in the conclusion of law upon the special finding of facts.

The judgment is reversed, at the costs of the appellees ; cause remanded, with instructions to state the conclusions of law, upon the finding of facts, in favor of the appellant, and to render judgment accordingly.