MAKEPEACE and Another *v.* DAVIS.

PRACTICE.—WAIVER OF ERRORS.—Where, after a motion for a new trial has been overruled and time given to file a bill of exceptions, one of the parties making the motion causes to be entered of record a withdrawal of the motion, and also a waiver of the leave to file a bill of exceptions, he cannot on appeal assign error on the overruling of the motion, or present any question reserved by a bill of exceptions taken by a co-defendant.

PLEADING.—NOTICE.—In a suit to enforce an equitable title to lands, it is not necessary that the complaint should charge the defendant with notice of the plaintiff's equity. If the defendant claims as a purchaser without notice, he should set up, by way of answer, the facts which entitle him to protection as such.

DEMURRER.—MISJOINDER.—That too many parties are joined in a complaint is not a cause of demurrer, as to those against whom a cause of action is alleged. If one against whom no cause of action is shown, is joined, he may demur, not for misjoinder, but for want of sufficient facts.

APPEAL from the *Madison* Circuit Court.

FRAZER, J.—There was a motion here by the appellee to dismiss *Bartlow's* appeal, based upon facts apparent in the record of the court below. Those facts are, that after the

judgment, and after time had been given to both appellants to file a bill of exceptions, *Bartlow* appeared in the court below, by an attorney in fact duly authorized in writing, and entered of record a withdrawal of his motion for a new trial, (which motion had been overruled,) and "of his right to perfect and file a bill of exceptions, and, by agreement of the counsel for *Makepeace* and *Davis*," the cause was continued as to *Makepeace*, with leave to perfect and file a bill of exceptions; and thereupon *Bartlow* filed in writing a statement that he "refused to perfect and file his bill of exceptions in the cause," and a withdrawal of his motion for a new trial, and that he refused to appeal to this court, and also a protest against the use of his name in the appeal about to be taken. But in this court he is represented by an attorney whose authority to act for him is not questioned, and who prosecutes the appeal in his behalf. He could, below, have released errors, but that was not done. His withdrawal of his motion for a new trial, though that motion had previously been decided, must operate as a waiver by him of any error in that decision, and his waiver of the leave given to file a bill of exceptions within the period of time which the court had given for that purpose, compels us to disregard the bill of exceptions, so far as he is concerned. His asseverations and protests concerning his purpose not to appeal, though made in court and placed of record, cannot, we think, have any greater legal effect than if he had made them out of court. They were entirely voluntary, and do not bind him.

The suit was to recover the possession of a tract of land by *Bartlow* against the appellee. The answer, which was in the nature of a cross-complaint, alleged that the defendant had purchased the land of one *Ryan*, for seven hundred dollars, and had taken a title bond therefor, conditioned for a conveyance on payment of the purchase money, and that he took possession of the land under the purchase, and had ever since continued in possession, making valuable and lasting improvements thereon; that he subsequently paid all

of the purchase money except one hundred and fifty-five dollars; that he afterwards assigned the title bond to *Make-peace* to secure the payment of an indebtedness to him of six hundred dollars; that *Makepeace* afterwards, by agreement, paid the balance of the purchase money to *Ryan*, and was to hold the title bond as security for that sum also; that by agreement between *Makepeace* and the defendant, the legal title of the land was subsequently conveyed by *Ryan* directly to *Makepeace*, to be held by him as security, as he had previously held the title bond; that afterwards, the defendant became indebted to one *Paul Davis*, by a judgment, which *Makepeace* also orally agreed to pay and to hold the land as security therefor, but having neglected to do so, the land was sold to a third party on execution, after which *Makepeace*, for the defendant, paid the purchaser two hundred and fifty dollars and took a conveyance of the land to himself, to be held as security as before; that the defendant had long since fully paid *Makepeace* all the demands for which he held the land as security, and about one thousand dollars more, by building a house for him, which, so far as necessary, was by agreement to be applied to that purpose; that while the defendant was in open possession of the land, as before stated, improving it and claiming title thereto, *Makepeace* fraudulently conveyed the same to *Bartlow*, who, it is alleged, was bound to take notice of the defendant's rights, in consequence of such possession. *Makepeace* was made a defendant to the cross-complaint and judgment was prayed against him for one thousand dollars, claimed to be due from him, and that *Bartlow* be compelled to convey the land to the defendant. *Makepeace* and *Bartlow* demurred to the cross-complaint, separately, and the first question before us arises upon the action of the court below in overruling *Bartlow's* demurrer.

The case made by the answer was clearly good against *Makepeace*, and equally good against *Bartlow*, his grantee, unless the latter stands in the position of a *bona fide* purchaser, for a valuable consideration, without notice of

*Davis'* rights. It is argued that the mere possession of *Davis*, as alleged in the answer, was not notice to *Bartlow*, inasmuch as *Makepeace* had a conveyance from a purchaser at a judicial sale, which apparently extinguished *Davis'* equity; and that under such circumstances the purchaser from him would not be bound to inquire further, as to the nature of the possession. But it seems to us that the question thus suggested does not arise upon demurrer to the answer. It does not appear upon the face of the answer that *Bartlow* paid a valuable consideration for the conveyance from *Makepeace*. It is only a purchaser who would be placed in a worse condition, in consequence of having parted with his money, that is protected by want of notice of the fraud of his grantor. His equity is equal to that of his antagonist, and *in æquali jure, melior est conditio possidentis.* 1 Story's Eq., § 64c, p. 56. It was a rule of pleading in equity, that such a purchaser, without notice, must aver the facts by plea or answer, in order to obtain the benefit of them. They were deemed facts in confession and avoidance, and peculiarly within his knowledge. Story's Eq. Pl., § 806, p. 803; *Deming* v. *Smith*, 3 Johns. Ch. R. 332; *Frost* v. *Beekman*, 1 *id.* 288. The same rule exists under the code. Matter of defense need not be anticipated in a complaint. It is enough to meet it when alleged by the party to be benefited by it. So, in an answer, it is not necessary to anticipate the reply. The answer was a good bar to *Bartlow's* complaint, and as a cross-complaint against him, it was also good. His demurrer was, therefore, correctly overruled; and inasmuch as there is no other question in the record of which he can avail himself, the judgment below against him must be affirmed.

As to *Makepeace*, the cross-complaint alleged sufficient facts to constitute a cause of action. The question of misjoinder of causes of action, or of parties, was not made by *Makepeace*, and cannot therefore be considered here. The demurrer of *Bartlow* relies upon the misjoinder of *Makepeace* as a party, as one cause of demurrer. But a misjoinder

of parties, *i. e.*, too many parties, is not a cause of demurrer under the code, but if a party be joined as defendant against whom no cause of action is alleged, he may demur, upon the ground that sufficient facts are not alleged against him. His co-defendant cannot, however, raise the question by demurrer.

We have looked through the evidence, and find its condition to be such that we cannot disturb the verdict against *Makepeace.* It has been already seen that the record is not in such a condition as will enable *Bartlow* to raise any question upon the evidence.

.The judgment is affirmed, with costs.

*W. March,* for appellants.

*J. W. Sansberry* and *J. Davis,* for appellee.