Goff *et al. v.* May *et al.*

———————◆———————

## GOFF ET AL. *v.* MAY ET AL.

PRACTICE.—*Parties.—Demurrer.*—A defendant cannot demur on the ground that a co-defendant has been improperly united with him in the action. Such a cause of demurrer is not equivalent to the statutory one, that several causes of action have been improperly united. There may be but one cause of action, and yet improper parties may be joined therein; and there may be several distinct causes of action improperly united, and yet in respect to each cause the plaintiffs and defendants be proper parties. *Virden* v. *Ellsworth*, 15 Ind. 144, qualified.

APPEAL from the Bartholomew Common Pleas.

WORDEN, C. J.—The appellants sued the appellees upon the following instrument:

"COLUMBUS, IND., May 2d, 1865.

"Memorandum of a contract made and entered into this day between David Gibson, agent, of the first part, and D. C. May, of the second part, witnesseth that the party of the first part has sold to the party of the second part eighty head of cattle, now being fed by him near Lowell Mills, to be delivered and weighed on the scales at Lowell Mills on or before the twentieth day of the present month, said cattle to be well fed up to the time of delivery, and taken out early in the morning, before feeding, and weighed without delay, for which the party of the second part is to pay to the party of the first part four dollars and sixty cents per hundred pounds, on foot, for sixty head of the fattest and heaviest cattle, and four dollars and twenty-five cents per

hundred pounds, on foot, for twenty of the next fattest and heaviest cattle. The only exception to this is, that one heavy fat stag, with a ring in his nose, goes with the lot of twenty head. Said party pays eighty dollars on this contract, the receipt of which is hereby acknowledged, and the balance within fifteen days after the delivery of the cattle, and is to furnish good and sufficient security for the performance of this contract, and in case of any litigation growing out of this contract, all relief from any valuation or appraisement laws is hereby waived.

[Signed:]                                     "DAVID GIBSON, Agent,
                                              "D. C. MAY.

"We or I guarantee the performance of the foregoing contract.

[Signed:]                                     "JOSHUA S. SIMS,
                                              "CHARLES MORRISON,
                                              "HENRY McCULLOUGH,
                                              "RICHARD CARTER,
                                              "WM. MAY,
                                              "N. S. BRYANT,
                                              "M. GAFFNEY, and
                                              "JACOB COOK."

The complaint contained seven paragraphs, setting out the the matter in partially different modes, and alleging that the plaintiffs made the contract by their agent, David Gibson; that they had fully performed it on their part; and that three hundred dollars of the purchase-money for the cattle remained due and unpaid. The action was a joint one against Daniel C. May, the principal contractor, as party of the second part, and all the guarantors, except Gaffney, who was alleged to be dead.

The guarantors filed a demurrer to the first paragraph of the complaint, because it did not state facts sufficient, etc.; and severally to each of the other paragraphs for the same reason; and to the whole complaint "for the reason that said May is improperly joined as a defendant."

The defendant Daniel C. May filed similar demurrers for the same reasons.

The court sustained the demurrers to the entire complaint, in the language of the record, "for the misjoinder of parties," and the plaintiffs excepted. The plaintiffs not amending, the cause was ordered by the court to be dismissed.

This ruling is assigned for error and raises the only question in the case.

The statute provides for six causes of demurrer, and is imperative that for no other cause shall a demurrer be sustained. The assigned cause of demurrer, viz., the joinder of Daniel C. May as a party defendant, is not one of the statutory causes of demurrer. The fourth cause provided for by statute is, "that there is a defect of parties, plaintiff or defendant." 2 G. & H. 77, section 50. This provision enables a party, who is himself a proper party, to demur for a defect of parties, either plaintiff or defendant; that is, where a necessary party is not joined; but it does not enable him to demur because some party, who need not or should not be, has been joined as a party defendant. See notes *g*, *h*, *i*, to sub-division fourth of the section of the statute above cited. In *Makepeace* v. *Davis*, 27 Ind. 352, it was very correctly held, as we think, by this court, as then constituted, that "a misjoinder of parties, *i. e.*, too many parties, is not a cause of demurrer under the code; but if a party be joined as defendant, against whom no cause of action is alleged, he may demur upon the ground that sufficient facts are not alleged against him. His co-defendant cannot, however, raise the question by demurrer."

The cause of demurrer thus assigned seems to have been regarded below as equivalent to the last specified in the statute, viz., "that several causes of action have been improperly united." In the case of *Virden* v. *Ellsworth*, 15 Ind. 144, it does not appear what causes of demurrer were assigned, and a little confusion is apparent in reference to the distinction between one cause and another. It seems to have been taken for granted that a misjoinder of parties

necessarily involved a misjoinder of causes of action and, perhaps, the converse. But we are not satisfied with this view. It is apparent that there may be, in a given case, but one entire cause of action, and yet improper parties may be joined therein; and, on the other hand, several distinct causes may be improperly united, in respect to each of which all the plaintiffs and defendants are proper parties. We are of opinion, therefore, whatever may have been said or decided in the case above mentioned, that the cause of demurrer assigned is not equivalent to the statutory one, "that several causes of action have been improperly united," and cannot be substituted therefor.

It is claimed by counsel for the appellees that there was a misjoinder of causes, in this, that the alleged contract of the plaintiffs with Daniel C. May, and that with the guarantors, were separate and distinct contracts; in other words, that the guarantors were not joint contractors with May. If this position be well taken, it follows that the two causes of action cannot be properly joined in one suit against all the parties, for the reason that May alone is liable on the one contract, and the guarantors on the other. Such causes only may be joined as affect all the parties to the action. 2 G. & H. 96, section 70.

We shall not pass upon this point, as it does not arise in the record, there having been no demurrer for a misjoinder of causes of action, but we may observe that if a demurrer had been filed and sustained on that ground, the cause should not have been dismissed, but separate actions docketed. 2 G. &. H. 81, section 51.

Other objections are made here to the validity of the complaint, as grounds upon which, it is claimed, we should affirm the action of the court below. We decline to consider any of the demurrers than those passed upon by the court below. That would be taking upon ourselves the discharge of a *nisi prius* duty not quite compatible with the functions of this court. The court below did not sustain either of the demurrers to the several paragraphs assigning for

cause the want of sufficient facts, but the demurrers to the entire complaint assigning for cause the misjoinder of parties only. In sustaining these demurrers, for a cause unknown to the law, the court erred, and the judgment must be reversed.

The judgment below is reversed, with costs.

PETTIT, J., was absent.

*R. Hill* and *G. W. Richardson,* for appellants.

*F. T. Hord,* for appellees.