Phillips *et al. v.* Cox.

---

## PHILLIPS ET AL. *v.* COX.

AMENDMENT.—*Justice of the Peace.—Attorney's Fees.—Promissory Note.*—On appeal from a justice of the peace to the circuit court, in an action on a promissory note stipulating for attorney's fees, it is not error to permit an amendment to the complaint, averring the amount of attorney's fees claimed.

SAME.—*Evidence Admissible Without Plea.*—An answer in such action, which does not set up the statute of limitations, a set-off, or matter in abatement, is unnecessary, as all other defences are admissible in evidence without plea.

SAME.—*Principal and Surety.—Endorser.*—One who places his name on the back of a promissory note, at the time of its execution, designating himself as surety, is liable, originally and jointly with the maker, as a surety, and not as an endorser.

SAME.—*Joint Judgment by Justice.—Execution.*—The fact that a justice of the peace renders a joint judgment against the defendants, in an action on a promissory note which itself designates them as principal and surety, is not error; as the justice in such case must designate such suretyship on any execution issued upon such judgment.

PRACTICE.—*Objection to Evidence.*—The grounds of an objection to the admission of evidence must be stated at the time the objection is made.

From the Kosciusko Circuit Court.

*J. H. Carpenter* and *S. J. North,* for appellants.

*W. S. Marshall,* for appellee.

PERKINS, J.—Suit before a justice of the peace, on a promissory note, as follows:

"Three months after date, I promise to pay to the order of Eli Cox one hundred and twenty dollars, value received, without any relief from valuation or appraisement laws, with ten per cent. interest from date until paid. If this note be collected by suit, the judgment shall include the attorney's fee for collecting the same.

(Signed,)                    " G. S. CASTELLAR. "

On the back thereof was written, at the time of the execution of the note, "Phillips & Henderson, sureties."

The complaint upon the note was against the principal and sureties, and claimed a recovery in the suit of one hundred and seventy-five dollars.

The note and endorsement were filed before the justice.

Demurrer to the complaint, before the justice, overruled. Answer by the sureties. Trial; judgment for the plaintiff, against all the defendants, for one hundred and thirty-six dollars and sixty-seven cents.

Appeal to the circuit court. In that court, the plaintiff amended his complaint, by stating therein the amount of the attorney's fee claimed.

The amendment, as the case was commenced before a justice, was unimportant. It required no new proof. 2 R. S. 1876, p. 616, sec. 38. On appeal from a justice, the cause is " tried under the same rules and regulations prescribed for trials before justices."

Castellar made default.

Phillips & Henderson answered in seven special paragraphs. The answer was unimportant. The suit having originated before a justice, the matters alleged in it were admissible in evidence without pleading. 2 R. S. 1876, p. 612, sec. 34.

The cause was tried by a jury, and a verdict returned for the plaintiff, in the sum of one hundred and fifty-seven dollars, against all the defendants.

A motion for a new trial, by Phillips and Henderson, was overruled, and judgment rendered on the default and verdict.

Appeal to the Supreme Court.

It is assigned for error:

1. That the court erred in overruling the demurrer to the complaint;

2. In permitting the plaintiff to amend his complaint;

3. In overruling the motion for a new trial; and,

4. In taxing costs, etc.

The court did not err in overruling the demurrer to the complaint. It contained a good cause of action against all the defendants. The right to recover attorney's fees. is not disputed by the defendants.

The endorsement on the back of the note, by Phillips and Henderson, showed that they were sureties. It was. written by Henderson; and, on the trial of the cause,. Phillips, in his testimony, said:

" I don't deny we signed it [the note] as sureties. The firm of Phillips & Henderson was composed of myself and Robert Henderson."

Being sureties, they were bound with the principal, as. original promisors; *Gaff* v. *Sims,* 45 Ind. 262; and might be sued jointly with him. *Campbell* v. *Gates,* 17 Ind. 126. See *Joyce* v. *Whitney,* 57 Ind. 550.

Had the endorsement of Phillips and Henderson been in blank, they would have incurred, *prima facie,* the liability of endorsers in this State; *Drake* v. *Markle,* 21 Ind. 433; in other States, that of guarantors. Brandt Suretyship. & Guaranty, sec. 147. But the party making such endorsement may designate, as in this case, the character in. which he makes it, and this designation may control.. Brandt, *supra,* sec. 154.

We proceed to the second alleged error, viz.: The permitting of the plaintiff to amend his complaint.

From what has been said, it is manifest that the amendment was one of form, not of substance.

The third alleged error was the overruling of the motion for a new trial.

One ground of the motion was the admission of the note, and the endorsement thereon, in evidence, upon the trial of the cause; but no ground of objection to their admissibility was pointed out to the court. Another ground of the motion for a new trial was, that the court refused to permit the defendant to give in evidence, on the trial in the circuit court, the transcript of the proceedings and judgment before the justice, for the purpose of proving that the docket of the justice showed a joint judgment against the principal and the sureties.

Section 82 of the justice's act, 2 R. S. 1876, p. 632, is as follows:

" Whenever it shall appear from the docket, the justice shall note on the execution, whether any of the defendants are sureties; and if so notified, it shall be the duty of the officer executing the same, first to levy on the goods of the principal; and if enough of such goods can be found to satisfy the execution, no levy shall be made on the goods of the surety."

The defendants claimed to give the transcript in evidence, to show that the judgment before the justice was a joint one, claiming that it was, for that reason, erroneous, and that they were compelled to appeal to annul it.

The judgment was a joint one, was not erroneous for that reason, and if the docket of the justice did show that some of the defendants were sureties, then it was only necessary to see that the justice noted the fact on the execution, to obtain all the relief they were entitled to in this regard.

Another ground of the motion for a new trial was the

giving by the court of an instruction to the jury as to the liability of Phillips & Henderson upon their endorsement.

What we have already said on this point shows that the instruction was correct. It was in harmony with the decision we make.

The evidence is in the record. It abundantly sustains the verdict.

Neither the note nor the indorsement, both of which were declared upon in the complaint, was denied upon oath.

There is nothing showing that the court erred in taxing or refusing to tax costs.

The judgment is affirmed, with costs.