McMakin *et al. v.* Weston.

———◆———

McMakin et al. *v.* Weston.

Complaint.— *Uncertainty Cured by Verdict.*—A substantial cause of action, which, though defectively stated, is not attacked before verdict by demurrer or motion. will sustain a verdict and judgment.

Same.—*Misjoinder of Parties.*— *Waiver.*— *Guarantor.*—The misjoinder of a debtor and his guarantor. in an action for the debt, may be waived.

McMakin *et al. v.* Weston.

SAME.—*Negligence.*—*Refusal to Allow Plea of Non Est Factum.*--In an action upon a guaranty, wherein issue had been joined for over two years, the defendant, when the cause was called for trial, asked leave to file a plea of *non est factum.*

*Held,* that he was guilty of negligence, and that leave was properly denied.

EVIDENCE.—*Bills of Lading.*—*Secondary Evidence.*—*Common Carrier.*—Without establishing the loss of the originals, and proving that notice has been given to the opposite party to produce duplicates of the same, which are in his possession, copies of bills of lading issued by a common carrier are not competent evidence to establish the delivery of goods for the value of which suit is brought.

From the Switzerland Circuit Court.

*J. A. Works* and *J. D. Works,* for appellants.

*T. Livings,* for appellee.

PERKINS, J.—Suit upon the following account and writing, the complaint containing necessary averments:

" Rodolph McMakin and Jonathan McMakin,

" To James H. Weston,       Dr.

To 5,000 feet white lightning rods,..................$375.00

To sundries,................................................ 42.35

             $417.35

Cr.,........................................................ 163.35

Balance,..................................................... 254.00 "

" MR. J. H. WESTON,     VEVAY, June 15, 1872.

" *Dear Sir :* Any orders that my son Rodolph may make on you for any thing in your line, I will stand responsible for it any time this season.

    " Yours truly,     JONA. MCMAKIN."

" MR. J. H. WESTON,     VEVAY, April 28, 1872.

" *Sir :* Please send me one thousand feet of rod. Send to-morrow if you can, and oblige,

       " RODOLPH MCMAKIN."

" That will be all right.    JONATHAN MCMAKIN."

Answer by the defendants:

1. In general denial; and,
2. Payment.

Reply in denial of second paragraph of answer.

This was at the August term, 1874, at which, after the cause was put at issue, it was continued to the October term. Afterward it was continued from term to term, till the October term, 1875, at which term, on the 3d day of November, 1875, a motion was made by the defendant to suppress depositions of the plaintiff.

On the 9th of November, 1875, the defendant Jonathan McMakin moved to be allowed to file a paragraph of answer of *non est factum*, on the ground that he had not previously been aware that such a paragraph of answer was necessary to put the plaintiff to the proof of the execution of the written papers filed with the complaint. The motion was overruled, and exception reserved.

The motion to suppress depositions was sustained in part and in part overruled, and exceptions reserved. Trial by the court; finding for the plaintiff in the sum of two hundred and twenty dollars; and, over a motion for a new trial, judgment on the finding.

The defendants severally filed a motion for a new trial.

The grounds of Jonathan's motion were the rulings of the court in,—

1. Denying leave to file answer of *non est factum;*
2. Refusing to suppress specified questions and answers, and copies of papers in depositions;
3. Admitting certain specified questions and answers, and copies of papers, to be read in evidence;
4. That the finding was unsustained by the evidence;
5. That the finding was contrary to law;
6. That the damages were excessive; and,
7. That the court erred in assessing the amount of damages.

The grounds of the motion for a new trial by Rodolph McMakin were:

1. Finding unsustained by evidence; and,

2. Finding contrary to law.

The assignment of errors by Jonathan McMakin is as follows:

1. The complaint does not contain a cause of action;

2. The court erred in denying leave to answer *non est factum;*

3. The court erred in refusing to suppress parts of depositions;

4. The court erred in overruling the motion for a new trial.

The errors assigned by Rodolph McMakin are:

1. The complaint fails to state a cause of action; and,

2. The court erred in overruling his motion for a new trial.

It will be observed that there was no demurrer to the complaint for any cause, and no motion touching it. The complaint states a cause of action against each defendant, and is good against both after verdict. *Scott* v. *Zartman,* 61 Ind. 328. A substantial cause of action, defectively stated, will sustain a verdict and judgment.

The question of misjoinder was not raised. *Goff* v. *May,* 38 Ind. 267. See *Leonard* v. *Shirts,* 33 Ind. 214; *McMillan* v. *The Bull's Head Bank,* 32 Ind. 11; *Philips* v. *Cox,* 61 Ind. 345.

The next two assignments of error by Jonathan were alleged as grounds for a new trial, in the motion therefor, and will be considered under the fourth assignment of error, viz., the overruling of the motion for a new trial, to which we now turn our attention. This cause was tried on the 9th day of November, 1875. It had then been standing at issue for over two years. To have allowed, at that time, the filing of an answer of *non est factum,* would

have changed the burden of proof, required additional evidence, and might have rendered a further continuance of the cause necessary; and all this on account of the gross negligence of the defendant. We can not say that there was any abuse of discretion in making the ruling complained of. *Burr* v. *Mendenhall*, 49 Ind. 496.

The deposition of James H. Weston was offered in evidence. A bill of exceptions shows, that, on the 3d day of November, 1875, "the defendant Jonathan · McMakin moved the court to suppress the following parts of said deposition, and that he renewed his objections thereto, when the deposition was offered at the trial, viz.: Questions 4, 7, 10, 11, 14, 15, 16, 17, and the answers thereto, and exhibits attached. The court overruled the motion as to several questions and answers, and also exhibits. The exhibits were copies of bills of lading. The following statement will present the point for decision:

James H. Weston, the plaintiff in the suit, in answer to question 3, in his said deposition, deposed thus:

" I delivered to Rodolph McMakin, one of the above named defendants, the material, as I shall mention, on the several dates as mentioned, and that the prices, as mentioned, are their true value."

In question 6 he was asked: " How did you deliver the material ordered, as set forth in answer to question 3 ?"

Answer: " I sent part of the material as ordered, by the mail line running from Cincinnati, Ohio, to Louisville, Ky., and a part by the Ohio and Mississippi Railway Company. The mail line is called the Cincinnati and Louisville United States Mail Line Company, and is a line of common carriers."

To prove the delivery of the goods to the defendants, the appellants in this court, the plaintiff, Weston, gave in evidence, by making them parts of his · deposition, copies

of the bills of lading he received on the shipment of the goods, without proving the loss of the originals, and without proving that duplicates were in the possession of the defendants below, appellants here, or either of them, and giving them notice to produce such duplicates. On this ground was based the motion to suppress, above mentioned, and the motion to exclude on the trial. We think the court erred in overruling said motions. It appeared upon the face of the deposition, that Weston, the deponent, had the originals in his possession. We need not proceed further in the examination of the case. This error was not cured.

The bill of exceptions purports to contain all the evidence. It does not show that a foundation was laid for the introduction of copies of the bills of lading.

The judgment is reversed, with costs; cause remanded for a new trial.