Filed April 8, 1885.

------◆------

No. 11,883.

## CUTHRELL *v.* CUTHRELL.

EVIDENCE.— *Witness, Competency of.—Party in Action by or against Widow.—* A party is not a competent witness as to matters which occurred prior to a husband's death, in an action concerning the title to land derived by the widow from her deceased husband.

Cuthrell v. Cuthrell.

SAME.—*Practice.*—*Offer of Competent and Incompetent Evidence.*—It is not the duty of the court, where evidence is offered in a body, to sift the competent from the incompetent, but it is the duty of counsel to offer only competent evidence.

SAME.—*Deed.*—*Consideration.*—The real consideration of a deed may be shown by parol testimony.

SAME.—*Deed.*—*Delivery.*—It is competent to prove by parol the terms and conditions upon which a deed was to be delivered in cases where there is no absolute delivery, and no consideration is paid by the grantee.

SAME.—*Quieting Title.*—It is proper for a plaintiff, in an action to quiet title, to prove claim of title by the defendant, and to show that the claim is unfounded.

From the Howard Circuit Court.

*J. C. Blacklidge, W. E. Blacklidge, J. W. Kern, B. F. Harness* and *B. C. H. Moon,* for appellant.

*M. Bell, W. C. Purdum* and *C. Bull,* for appellee.

ELLIOTT, J.—It was agreed by the parties, as part of the evidence in the case, that Joseph B. Cuthrell died the owner of a tract of land of which the parcel here in controversy formed a part; that the appellant, the plaintiff below, was the widow of Joseph B. Cuthrell, and that the parcel of land in dispute was set apart to her in a suit for partition in virtue of her rights as the widow of the deceased. The appellant read in evidence a deed for the land, purporting to be executed by her to Joseph F. Cuthrell, and certain questions were propounded to her, and to these questions objections were sustained, and counsel thereupon offered to prove that the consideration of the deed was that Joseph F. Cuthrell was to furnish her a home, provide for her during life, and offered, also, to prove that the deed was not to be delivered until her death, and that it was taken from her drawer without her knowledge and placed upon record. The appellee introduced F. M. Roberts as a witness, and offered to prove substantially the same matters by him.

The court erred in excluding the testimony of the witness Roberts, but did not err in excluding the testimony of the appellant.

Joseph F. Cuthrell, the appellant's grantee, was dead, and the action was against his widow, and, under the statute, the appellant was not competent to testify as to transactions which occurred prior to her grantee's death. So far as concerns the agreement fixing the consideration of the deed, and so far as concerns the contract as to the delivery of that instrument, there is no room to doubt that the appellant was not a competent witness, and if it were conceded that she was a competent witness to prove that the deed was taken from her drawer without her consent, still, as the offer was made as an entirety, the court was justified in excluding the whole testimony. If a party mingles in one offer competent and incompetent testimony, he is in fault, and must be the sufferer. It would be unjust and unreasonable to impose upon the court the duty of sifting the offered evidence, and separating the good from the bad, the grain from the chaff, and of accepting the one and rejecting the other. It is counsel's duty to offer competent evidence, unmixed with incompetent. It is not the duty of the court to make a separation.

It is an elementary doctrine that the true consideration of a deed may be shown. We are unable to perceive any reason why this rule should not apply here. Possibly the testimony as to the consideration might not have availed the appellant, but that does not prove it incompetent.

Delivery is an essential part of a deed, and an agreement made when a deed is written and signed, as to when and how it shall be delivered, is often competent. We think it was clearly competent in this instance. If the grantee paid no consideration for the land, and there was to be no title vested in him until the death of the grantor, it was surely competent to show the agreement as to the time the delivery should be made.

It is said that the testimony was properly excluded because offered in chief when it was competent only in rebutting. This argument rests on an undue assumption. The appellant sued to quiet title, and it was necessary for her to show

some claim by her adversary; this she did by proving the execution and recording of the deed, and, in order to prove another essential element of her case, it was necessary for her to prove that the deed was ineffective. If she had proved the deed and stopped, then she would have failed, because, *prima facie*, title was conveyed by it. If she had not shown an assertion of title by the appellant she would have failed, because it would not have appeared that her title was disturbed or threatened.

The admission that the appellant derived title from her husband did not dispense with evidence that title was asserted by the appellant, and when evidence disclosing the character of the title asserted was given, it became necessary, as part of the case in chief, to show that, although there was an apparent title, there was not, in fact, a real one.

The decisions in *Thompson* v. *Thompson*, 9 Ind. 323, and *Mather* v. *Scoles*, 35 Ind. 1, do not meet the question. The contract sought to be proved was not made after the estate had vested, but was made as part of the contract upon which the deed was founded. It was the agreement which fixed the time when the deed should take effect. Of course, if there had been an absolute delivery of the deed, no condition could have been annexed to it by parol, nor could its force have been entirely broken down by mere evidence of failure of consideration. But these questions are not the ones which lie in appellee's way; the questions here are, did not the appellant have a right to prove the contract as to the consideration and as to the time fixed for the delivery of the deed? Counsel have no right to assume that there was an absolute delivery of the deed, for the offer was to prove that there was no delivery and that there should be none until after appellant's death.

Judgment reversed.

Filed April 9, 1885.