Filed Oct. 7, 1886.

————◆————

No. 12,568.

## WOLFE ET AL. *v.* KABLE ET AL.

WITNESS.—*Heirs.—Declarations of Ancestor.—Conveyance.—Gift.—Advancement.—Presumption.*—In a suit for the partition of real estate of which the ancestor died seized, an heir, who is a party to the suit, is not a competent witness to prove declarations of the ancestor at the time of making certain conveyances to his children, in order to show that the conveyances were gifts, and not advancements as the law presumes. Section 499, R. S. 1881.

NEW TRIAL.—*Motion.—Must be Sufficient as to all who Unite.*—If a motion for a new trial is not well made as to all who unite in it, there is no error in overruling it.

From the Knox Circuit Court.

*W. H. De Wolf* and *S. N. Chambers,* for appellants.

*G. G. Reily* and *W. C. Niblack,* for appellees.

ELLIOTT, J.—This suit was brought by the appellees against the appellants for the partition of land owned at the time of his death by John Wolfe, deceased.

A material question in the case was whether lands conveyed to the appellants were conveyed as gifts or were advancements from their father, John Wolfe, and to prove that they were gifts some of the defendants, here the appellants, were introduced as witnesses, and an offer was made to prove by them what was said by their father at the time the conveyances were made. The trial court did not err in ruling that the defendants were not competent to prove the declarations of their deceased father. Where the controversy is between heirs as to rights derived through contracts or transactions with the ancestor, none of the parties are competent to testify as to declarations made by him. The case falls fully within the spirit of section 499 of the statutes. *Wiseman* v. *Wiseman,* 73 Ind. 112 (38 Am. R. 115), and cases cited ; *Cottrell* v. *Cottrell,* 81 Ind. 87; *Cupp* v. *Ayers,* 89 Ind. 60; *Cuthrell* v. *Cuthrell,* 101 Ind. 375; *Lamb* v. *Lamb,* 105 Ind. 456, see p. 459.

A conveyance or transfer of property by a parent to a child is *prima facie* an advancement, and not a gift; it may, however, be shown, by competent witnesses, that the conveyance or transfer was intended as a gift. *Dillman* v. *Cox,* 23 Ind. 440; *Duling* v. *Johnson,* 32 Ind. 155; *Stokesberry* v. *Reynolds,* 57 Ind. 425; *Dille* v. *Webb,* 61 Ind. 85. But for the purpose of proving the declarations of the deceased father, in order to defeat the presumption of law that the conveyance or transfer was an advancement, the children who seek to overthrow the presumption are not competent witnesses in an action in which they are parties.

The parties joined in a motion for a new trial, and even if we should regard the rulings of the trial court as erroneous as against some of the appellants, we could not reverse, for, if a motion for a new trial is not well made as to all who unite in it, there is no error in overruling it. *Boyd* v. *Anderson,* 102 Ind. 217 ; *Feeney* v. *Mazelin,* 87 Ind. 226 ; *First Nat'l Bank* v. *Colter,* 61 Ind. 153; *Estep* v. *Burke,* 19 Ind. 87 ; *Teter* v. *Hinders,* 19 Ind. 93. We can, therefore, do no

.more than ascertain whether all of the defendants who join in the motion are entitled to a new trial, and, finding that they are not, we must affirm the judgment even though as to some ·of them there were erroneous rulings.

