## No. 114.

## CARNAHAN ET AL. *v.* CHENOWETH ET AL.

APPELLATE COURT.—*Error in Overruling Demurrer for Misjoinder.—Judgment not Reversed for.*—A judgment will not be reversed for erroneously overruling or sustaining a demurrer for a misjoinder of causes of action.

PRACTICE.—*Venire de Novo.*—A *venire de novo* will be awarded only where the verdict is defective, uncertain or ambiguous.

SAME.—*New Trial.—Joint Motion.*—A joint motion by two or more co-parties for a new trial will not be sustained if any one of the parties be not entitled to a new trial.

From the Martin Circuit Court.

*J. Baker, J. W. Ogden* and *J. T. Rogers*, for appellants.

*T. J. Brooks*, for appellees.

REINHARD, J.—At the November election of 1882, one Peter Ragle was elected treasurer of the county of Martin, and in November, 1884, he was re-elected to that office. For each of such terms he filed a bond in the penalty of $75,-000, some of the parties to this action being his sureties on the first and some on the second of such bonds, and still others on both. Ragle's time expired in November, 1886, when he left the office a defaulter to the extent of over seven thousand dollars.

When the defalcation had been discovered and the amount thereof ascertained, the appellants and appellees, who, it is alleged, were all the solvent sureties on said bonds, met for the purpose of ascertaining their liability, and after some contention and disputing as to which set of sureties were liable, and upon which bond the liability had accrued, and in order to settle all further controversy in relation to their liabilities, and to avoid expense and litigation, it was agreed that all the indebtedness on both bonds should be paid by these parties equally, share and share alike, by each; that, on the 10th day of November, 1886, the appellants and appellees jointly paid upon such indebtedness and defalcation,

in pursuance of their agreement, the sum of $6,605. In December, 1886, no further payments having been made by any of the parties, the auditor commenced a suit in the court below against the parties to this action to recover the balance then remaining due. Whereupon, to prevent further expense, the appellees paid the further sum of $526.73, and for this amount this action for contribution was brought in the court below by the appellees against appellants.

The complaint sets out the facts substantially as above, and upon these facts a judgment is demanded against the appellants, who were the defendants below.

A joint demurrer was filed by the appellants to the complaint, and the causes therefor were given as follows:

" 1. That the complaint does not state facts sufficient to constitute a cause of action.

" 2. That there is a misjoinder of parties plaintiff herein, said plaintiffs having no joint cause of action.

" 3. That there is a defect of parties plaintiff in said action."

The overruling of the demurrer is the first specification of error assigned.

The main objection urged to the complaint is that it fails to show any joint liability by the appellants to the appellees; that if there is any liability at all it is several, and not joint, each of said appellants owing the appellees an aliquot part of said debt, and not the entire balance that had been paid by the appellees.

We are of the opinion that none of the causes of demurrer here assigned will reach the defect complained of, if defect it be.

There is no such cause for demurrer in our State as " misjoinder of parties plaintiff." If there was a separate and distinct liability by each defendant to all the plaintiffs, then there must have been as many different causes of action as there were defendants. Hence the cause of demurrer was for misjoinder of causes of action, and not misjoinder of

parties. *Goff* v. *May*, 38 Ind. 267. But even if the proper cause of demurrer had been assigned, and the demurrer sustained for that cause, the only result favorable to the appellants could have been the docketing separately of the different causes of action. Section 340, R. S. 1881.

A judgment will not be reversed for erroneously overruling or sustaining a demurrer for such misjoinder of causes of action. Section 341, R. S. 1881.

There is no available error in the overruling of the demurrer to the complaint.

Issues were joined upon the complaint, and the cause was submitted to a jury for trial.

The jury, after due deliberation, returned the following verdict :

" We, the jury, find for the plaintiffs, and assess their damages at $452.66⅔.           J. C. GOODE, *Foreman.*"

The appellants moved for a *venire de novo*, which motion was overruled, and exception reserved. The overruling of this motion constitutes the second alleged error.

We can discover no ground upon which the court could have sustained this motion. There was no defect, uncertainty or ambiguity in the verdict. *Thames Loan and Trust Co.* v. *Beville*, 100 Ind. 309.

The appellants thereupon filed a motion for a new trial for the following alleged reasons :

" 1. The verdict of the jury is not sustained by sufficient evidence.

" 2. The verdict of the jury is contrary to law.

" 3. The damages assessed are excessive."

The appellees at this time remitted $32.66⅔ of the amount named in the verdict, and the court thereupon overruled the motion for a new trial, appellants again reserving an exception.

The overruling of the motion just named is the last error specified.

As we understand the appellants' argument from the brief

of their counsel, the only reasons urged in support of this assignment are, first, that there is a variance between the complaint and the proof; and, second, that as there is no joint liability shown from the appellants to the appellees there could have been no joint finding or verdict against them, but that such finding or verdict should have been against each one of the appellants separately for the particular part due from him to appellants.

We have examined the evidence and are unable to find any substantial variance between the complaint and it. Counsel have failed to point out with sufficient certainty wherein this alleged variance consists, and they can not expect us to find it for them. Errors must be affirmatively shown to exist.

In reference to whether or not the liability of appellants is several instead of joint, or joint and several, there might be a more difficult question presented to this court if it had been properly raised. The motion for a new trial, and even the assignment of errors, are made jointly by all the appellants. It is a well-known rule of practice that a joint motion by two or more co-parties for a new trial will not be sustained if any one of the parties be not entitled to a new trial. *Feeney* v. *Mazelin,* 87 Ind. 226 : *Carver* v. *Carver,* 97 Ind. 497 ; *Wolfe* v. *Kable,* 107 Ind. 565 ; *Robertson* v. *Garshwiler,* 81 Ind. 463.

We have thus considered all the alleged errors upon which this appeal is founded and have not been able to discover any for which we believe it to be our duty to reverse the judgment.

The judgment is affirmed, with costs.

Filed April 18, 1891.