THE MORTGAGE TRUST COMPANY OF PENNSYLVANIA V. EUNICE M. COWLES, as *Administratrix of the Estate of Edgar P. Cowles, deceased, et al.*

No. 70.

1. ATTORNEY — *Unauthorized Appearance.* The unauthorized appearance of an attorney for an absent defendant, upon whom only constructive service has been made, does not affect or conclude such party.

2. FORECLOSURE — *Constructive Service — Defendant Should Be Let in to Defend.* When the holder of a first and prior mortgage on real estate is made a party defendant to a suit brought by a second mortgagee, and is served with notice thereof only by publication, and a judgment is entered, on application of the plaintiff in the action, foreclosing his mortgage and directing that the proceeds of the sale of the mortgaged premises be first applied to the payment of his debt, and barring the holder of the first mortgage, such judgment should be set aside and the first mortgagee let in to defend, upon his making proper and timely application therefor, and it appearing that he had no previous actual notice of the pendency of the action.

3. ———— *Proceedings after Sale — Liability of Plaintiff.* If, in such case, the mortgaged premises have, on application of the second mortgagee, been sold at judicial sale to an innocent purchaser, before the first mortgagee had notice of the action and was let in to defend, and it appears that they were worth more than enough to satisfy the first mortgage, and that the second mortgagee had full notice of such prior lien, it is not error for the court to hold such second mortgagee, and plaintiff in the action, liable to the first mortgagee for the payment of the amount of his claim.

MEMORANDUM.—Error from Phillips district court; A. C. T. GEIGER, judge. Action in foreclosure by The Mortgage Trust Company of Pennsylvania against William B. Kennedy, Edgar P. Cowles, and others. Judgment for the administratrix of defendant Cowles. Plaintiff brings the case to this court. Affirmed. The opinion herein, filed May 5, 1896, states the material facts.

*H. A. Coates,* and *C. A. Lewis,* for plaintiff in error.

*W. S. Morlan,* for defendant in error Eunice M. Cowles, as administratrix of Edgar P. Cowles, deceased.

The opinion of the court was delivered by

CLARK, J.: On December 22, 1884, Joseph Kennedy executed and delivered to Edgar P. Cowles his promissory note of that date in the principal sum of $200, payable on December 22, 1889, with interest at the rate of 10 per cent. per annum from maturity. To this note were attached 10 coupons aggregating $100, and payable at intervals of six months respectively. These coupons represented the interest on the principal note from its date until its maturity. To secure the payment of this indebtedness, Kennedy executed and delivered to Cowles a mortgage on 160 acres of land in Phillips county, which was duly recorded on January 5, 1885. The land so mortgaged was thereafter sold by the county treasurer for the nonpayment of taxes, and the certificate of sale was duly assigned to the mortgagee. W. B. Kennedy subsequently became the owner of 80 acres of this land, and on July 1, 1887, he and his wife joined with Joseph S. Kennedy in the execution of a note in favor of the Kansas Trust and Banking Company for $400, and of a mortgage on the entire 160 acres to secure its payment. The banking company assigned and transferred this note and mortgage to the Mortgage Trust Company of Pennsylvania, and in writing guaranteed the payment of the amount to become due thereon. Default having been made in the payment of the interest which matured on January 1, 1889, by the terms of the mortgage the entire debt then became due and payable,

and on April 1, 1890, the assignee of the mortgage commenced this action to recover the amount due thereon, making Cowles a party defendant, alleging that he claimed some interest in the real estate, but that the same was junior, inferior and subject to the plaintiff's lien. Joseph S. Kennedy having died before the commencement of the action, his administrator was also made a party defendant.

The prayer of the petition was that a personal judgment might be rendered against W. B. Kennedy and wife and the estate of Joseph S. Kennedy for the amount due on the note ; that the mortgage might be foreclosed ; that the plaintiff be adjudged to have a first lien on the real estate ; that an order be entered for the sale of the premises, and that the proceeds thereof, after the payment of the costs and delinquent taxes, be applied toward the payment of its judgment. Personal service of summons was duly had on W. B. Kennedy and wife, and on the administrator of the estate of Joseph S. Kennedy, deceased. Cowles was a nonresident of the state, and service on him was obtained by publication. On June 26, 1890, one John Dawson, who at that time was a practicing attorney at Phillipsburg, filed an answer in behalf of Cowles, in which he admitted the allegations of the petition with reference to the execution and delivery of the note and mortgage therein mentioned, but denied the priority of the plaintiff's lien. He also alleged the execution and delivery by Joseph S. Kennedy to Edgar P. Cowles of five notes dated December 22, 1884 ; that one of them was for the sum of $200, due December 22, 1889, and that the other four were for $10 each, maturing respectively on the 1st day of April and the 1st day of October in the years 1888 and 1889, and that each of the notes bore 12 per cent. interest from

maturity. He also alleged the due execution of a mortgage on the real estate described in the petition to secure the payment of this indebtedness. What purported to be copies of the notes and mortgage were attached to the answer, and each contained this stipulation : " We agree to pay a reasonable attorney's fee, if this note is collected by suit." He further alleged that none of these notes had been paid, and that there was then due thereon the sum of $240, with 12 per cent. interest on the several notes from the date at which they respectively matured, and prayed that the lien of the Cowles mortgage might be adjudged the prior and superior lien on the premises ; that the property might be sold, and the proceeds thereof applied to the payment of the indebtedness in favor of the plaintiff. To this answer no reply was filed, nor were any pleadings filed by any of the other defendants.

On January 15, 1891, as shown by the record, the cause was submitted to the court for trial on the petition and proofs of the plaintiff, and the court found that there was due, on the notes mentioned in the petition, the sum of $501.43 ; that the plaintiff was entitled to a decree for the sale of the mortgaged premises and an application of the proceeds thereof to the payment of its claim ; that its lien was prior and superior to any other lien on the property, "excepting one mortgage for $258.92, in favor of Edgar P. Cowles" ; and a personal judgment was then rendered in favor of the plaintiff, and against the defendant W. B. Kennedy and wife and the administrator of the estate of Joseph S. Kennedy, deceased, for $501.43, and a decree was thereupon entered, which, after directing the sale of the mortgaged premises and the application of the proceeds to the payment of the

costs, unpaid and delinquent taxes, and the judgment in favor of the plaintiff, recited that "the defendants and each of them, and all persons claiming or to claim under them or either of them, be and they are hereby barred and foreclosed of and from all right and title, interest or equity of redemption in or to said premises, or to any part thereof, from and after said sale as aforesaid." In pursuance of this decree, an order of sale was issued January 21, 1891, and the property was sold by the sheriff at public sale on August 31 thereafter for $100, to one Edward G. Armsby, who was the secretary of the Kansas Trust and Banking Company. On September 12, 1891, on motion of the plaintiff, this sale was confirmed, and the sheriff was ordered to execute a deed to the purchaser, which was accordingly done. The total costs which had accrued at the date of the confirmation of the sale amounted to $50.89. The record does not show what became of the balance of the purchase-money after the payment of the costs. Thereafter Armsby conveyed the premises to one Ferguson, who mortgaged them to the Kansas Trust and Banking Company, and afterward deeded the land to the mortgagee, by whose assignee the title is now held. The banking company in turn sold and assigned this mortgage to the present owner thereof, the plaintiff in error in this action.

After the date of the rendition of the judgment and decree, and prior to the issuance of the order of sale, Edgar P. Cowles died, and his widow, Eunice M. Cowles, was duly appointed administratrix of his estate, and duly qualified as such, but the action was not revived against the heirs or representatives of Edgar P. Cowles, except as hereinafter set forth. Prior to the expiration of three years from the date of the judgment, upon a showing being made to the

court by the administratrix that Cowles never had
any actual knowledge of the pendency of this action,
and that she had no notice of its pendency until on
or about August 1, 1892, and that the appearance by
Dawson on behalf of Cowles was wholly unauthorized,
the judgment was upon her motion opened up, and
she was given leave to plead. She thereupon filed
her answer and cross-petition, in which she admitted
that the note and mortgage set out in the plaintiff's
petition had been executed and delivered as therein
alleged, but she denied that the lien created thereby
was prior and superior to the lien of the Cowles mort-
gage, a copy of which, together with copies of the
note and unpaid coupons, she attached to her answer,
and alleged their due execution and delivery by Jo-
seph S. Kennedy to her husband; that the tax-sale
certificate had been assigned to her; that there re-
mained due to her as administratrix on said notes
and tax-sale certificate the principal sum of $243.62,
with interest thereon; that the property covered by
her mortgage was of the value of $1,600; and that
the plaintiff and the said Armsby, Ferguson and the
Kansas Trust and Banking Company had conspired
to defraud the Cowles estate out of its lien on said
real estate, and detailed the acts claimed to have been
done by them in pursuance of such conspiracy. In
addition to her prayer for a personal judgment against
the Joseph S. Kennedy estate, she asked that the de-
cree, together with the proceedings had thereunder,
be vacated, and that any subsequent conveyances af-
fecting the title to the real estate be set aside; that
her mortgage be foreclosed and declared a prior lien;
that the property be sold and the proceeds be applied
to the payment of her judgment; or, in the event it
should be found that the real estate had been con-

veyed to an innocent purchaser, that a personal judgment might be rendered in her favor against the plaintiff for the amount of her claim.

Armsby, Ferguson and the receiver of the Kansas Trust and Banking Company having been made parties defendant, each filed an answer to the cross-petition. To the answer that was filed by the administratrix the plaintiff replied by general denial, and also alleged that the defendant's claim had been merged in a judgment and declared a first lien on the real estate; that the judgment had been executed in good faith by a judicial sale of the premises; that the plaintiff had received none of the proceeds of the sale, and that the proceedings had were *res judicata* as to the plaintiff. Upon the issues thus joined the cause was tried before the court, a jury being waived, and the court specially found that the pretended appearance of Dawson in behalf of Cowles was unauthorzed; that neither Cowles nor the administratrix of his estate had any actual knowledge of the pendency of the action until long after the rendition of the judgment and decree and the confirmation of the sale made in pursuance thereof; that the title to the real estate had passed to a purchaser in good faith; that the Cowles mortgage was a good, valid and first lien on the premises described in the petition at the time of the rendition of the former judgment, and that, but for the transfer of the property under that judgment to an innocent purchaser, such mortgage still would be a good, valid and first lien thereon; that at the time of the sale the property was reasonably worth the sum of $800; that there was due the administratrix on the notes secured by her mortgage and on account of taxes paid on the property the sum of $386.20, and as a conclusion of law the court found

that the administratrix was entitled to recover that amount from the Mortgage Trust Company of Pennsylvania. The plaintiff and the defendants Armsby, Ferguson and the receiver of the Kansas Trust and Banking Company excepted to the findings of fact and conclusions of law, and joined in a motion for a new trial. This motion was overruled and judgment was rendered in favor of the administratrix and against the plaintiff for the sum of $386.20. The plaintiff has brought the case to this court, seeking a reversal thereof on the grounds, as alleged, that the court erred in overruling the motion for a new trial and in its rulings on the admission of evidence offered ; that the findings of fact are not sustained by the evidence, and that the conclusions of law are not warranted by the findings of fact.

The plaintiff and several of the defendants filed a joint motion for a new trial. The rule is that where several join in such a motion, and some of the moving parties are not entitled to a new trial, the motion may be rightfully overruled as to all. The defendants who joined in this motion had no reason to complain either as to the findings of fact or the conclusions of law thereon. The motion was indivisible, and, as these defendants were not entitled to a new trial, no error was committed by the court in overruling such motion. (Thomp. Trials, § 2721 ; *Wolfe v. Kable*, 107 Ind. 565 ; *Minick v. Huff*, 41 Neb. 516.)

The only complaint that is made as to the admission of evidence is that the court erred in permitting witnesses to testify as to the value of the mortgaged premises at the date of the sheriff's sale. We think that, under the allegations of the answer and crosspetition, this testimony was properly admitted.

. The plaintiff in error insists that the court erred in

its finding that Dawson had no authority to appear in behalf of Cowles.  It is evident from a comparison of the exhibits attached to the answer filed by Dawson, and the notes and mortgage which were in fact executed by Joseph S. Kennedy, that Dawson did not have the notes and mortgage before him when he drew the answer.  The copy of the $200 note filed by him appears to have been executed at Orleans, Neb., while the one signed by Kennedy appears to have been executed at Alma, Neb.  The amount of the note which matured on October 1, 1889, was $14, while the amount of the one referred to in Dawson's answer which matured on that date was only $10.  The copies of the notes attached to that answer contained the stipulation with reference to attorney's fees, and all except the $200 note bore interest at the rate of 12 per cent. from maturity, while the notes given by Kennedy contained no stipulation with reference to attorney's fees, and only bore 10 per cent. interest after maturity.  Nor does the copy of the mortgage attached to Dawson's answer correctly describe the notes executed by Kennedy to Cowles.  The copy attached to that answer appears to have been acknowledged before N. F. Burton, a notary public of Harlan county, Nebraska, while the one in fact executed by Kennedy appears upon its face to have been acknowledged before one Wm. Bissell, a notary public, of Phillips county, Kansas.  We think that these discrepancies, when taken in connection with the evidence of Mrs. Cowles and Mr. Smith, clearly support the finding of the court upon this point.

The plaintiff attempted to show upon the trial that a judgment was in fact rendered in favor of Cowles at the time the decree of foreclosure of plaintiff's mortgage was entered, but the record failed to show any

such judgment, and the answer contained no prayer either for a personal judgment or for a foreclosure of that mortgage.

Counsel also contend that the rights of the parties claiming under the Cowles mortgage were fully protected by the judgment and decree that was first entered. While the court at that time found that the lien of the plaintiff's mortgage was prior and superior to any other lien or mortgage on the premises "excepting one mortgage for $258.92 in favor of Edgar P. Cowles," the court proceeded to enter just such a decree as the plaintiff prayed for in its petition, barring and foreclosing all the defendants "from all right and title, interest or equity of redemption in and to said premises or to any part thereof, from and after said sale as aforesaid." This decree was, of course, erroneous, yet the court had jurisdiction both of the parties and of the subject-matter of the controversy, and the decree so entered was binding upon the parties to the action until modified or reversed upon proper proceedings. "An erroneous ruling, even upon a question of law, will not avoid a title obtained under its decree. The purchaser depends on the judgment, the levy, and the deed." (*Mills v. Ralston*, 10 Kan. 206, 212.) See, also, *Ogden v. Walters*, 12 Kan. 282.

"The terms of a decree show not merely the property, but the amount of defendants' interest therein which is ordered to be sold. The sale follows the decree, and the sheriff offers whatever the decree orders." (*Mills v. Ralston*, supra.)

We are of the opinion that the finding of the court that this real estate is now owned by an innocent purchaser is not supported by the evidence, but no complaint is made as to this particular finding. The value of the land at the time of the date of the sheriff's sale

was $800; the Cowles claim is less than half that amount. The Kansas Trust and Banking Company is the present owner of the real estate, and its secretary was the purchaser at the sheriff's sale. It accepted a new mortgage on the same property, executed by one whose title was based on the decree erroneously entered barring the Cowles interest in the land. It had guaranteed the payment of the debts secured by the mortgage which the plaintiff foreclosed. The new mortgage is now held by the plaintiff in error, and the amount thereby secured is the same as that secured by the original mortgage. There is no pretense that the trial court made special findings of fact upon every question involved in this controversy, and we think that, under the pleadings and the evidence, the court would have been justified in decreeing the Cowles mortgage a present prior lien on the property; but as the value of the land exceeds the amount of the present incumbrance thereon, including the claim of the defendant in error, and as the plaintiff in error had knowledge of the fact that the Cowles mortgage was a prior lien on the land, as it was instrumental in having the erroneous decree entered, and in having the sale thereunder confirmed, we think the interests of all parties were fully protected by the judgment that was entered by the trial court.

The plaintiff in error has no reason to complain of the judgment. It will therefore be affirmed.

All the Judges concurring.