49 713
57 733
49 713
59 730

AMERICAN EXCHANGE NATIONAL BANK, APPELLANT, V. EMELINE H. FOCKLER ET AL., IMPLEADED WITH COLUMBIA NATIONAL BANK, APPELLEE.

FILED NOVEMBER 18, 1896. No. 6861.

1. **Mortgages:** FAILURE TO REGISTER: ACTION BY PURCHASER TO QUIET TITLE: PLEADING. Appellant brought suit to foreclose a real estate mortgage. The appellee answered by cross-petition, that it was the owner of the real estate by virtue of a conveyance from the mortgagor, duly recorded before the recording of the mortgage of the appellant. Appellee further alleged that it took its conveyance without any notice of appellant's mortgage, and prayed that it might be decreed the owner of the real estate, free from the lien of the mortgage of appellant. *Held*, (1) That to enable the court to pronounce the decree prayed for it was incumbent upon the appellee to plead and prove that it was a purchaser of the real estate, not a gratuitous donee thereof; that it purchased the real estate without notice, either actual or constructive, of the mortgage of the appellant; that for the property it parted with or paid a valuable consideration; what that consideration was, and that it paid or parted with such consideration before receiving notice of the mortgage of the appellant; (2) that as the cross-petition of the appellee did not aver that it was a purchaser of the real estate, nor the consideration parted with or paid therefor, nor that it paid or parted with any consideration for the property, it did not state a cause of action.

APPEAL from the district court of Lancaster county. Heard below before STRODE, J.

*Sawyer, Snell & Frost*, for appellant.

*Atkinson & Doty, contra.*

RAGAN, C.

The American Exchange National Bank (hereinafter called the "Exchange Bank") brought this suit in the district court of Lancaster county to foreclose a mortgage upon certain real estate. Emeline H. Fockler and her husband, the mortgagors, and the Columbia National Bank (hereinafter called the "Columbia Bank") were made defendants to the action. The mortgage of the Exchange Bank was dated October 21, 1891, but not filed for record in the office of the register of deeds until the 1st day of July, 1892. The Columbia Bank interposed, in its answer to the petition of the Exchange Bank, first, a general denial; and as a second defense averred that it was then the owner and in possession of the mortgaged real estate by virtue of a deed of conveyance therefor executed and delivered to it by Fockler and wife; and that the deed had been filed for record in the office of the register of deeds prior to the filing of the Exchange Bank's mortgage, and that it had become the owner of said lots and taken possession thereof without any knowledge of the existence of the Exchange Bank's mortgage. The district court entered a decree quieting and confirming the title of the real estate in the Columbia Bank and dismissing the petition of the Exchange Bank, and it has appealed.

When the case came on for trial counsel for the Exchange Bank objected to the introduction of any evidence on behalf of the Columbia Bank, for the reason that its answer did not state facts sufficient to constitute a defense to the action. This objection was overruled and it is now argued that the decree must be reversed, because the answer of the Columbia Bank does not state facts sufficient to constitute a defense to the action of the Exchange Bank, or facts sufficient to entitle it to the decree prayed for and awarded. Aside from a general denial, the answer of the Columbia Bank was an attempted cross-bill or cross-petition asking affirmative re-

lief, and, so far as the same is material here, was in the following language: "This defendant, further answering, says: That it is the owner and in possession of said lots, * * * and that it became said owner of said lots by virtue of a deed executed and delivered to it by the said * * * Fockler, * * * and which deed was recorded in the office of the register of deeds of said county on the 29th day of June, 1892. And this defendant says that it became the owner of said lots and took possession thereof without any knowledge that the said plaintiff had any interest in or claim of any kind to said lots," etc. The prayer of this cross-petition was that the mortgage of the Exchange Bank might be decreed not a lien upon said real estate and canceled, and that the Columbia Bank might be decreed the owner of such real estate, free from the lien of the Exchange Bank's mortgage. By this cross-petition the Columbia Bank attempted to plead that it was a good-faith purchaser for a valuable consideration of the real estate in question, without notice of the lien of the Exchange Bank. But it is to be observed that the Columbia Bank does not aver in its cross-petition that it ever purchased this property; nor does it aver what consideration it paid therefor; nor does it aver that it paid any consideration for the property, valuable or otherwise.

A pleader who is asking affirmative relief must state the facts, the existence of which he claims entitles him to the relief prayed for. Here the Columbia Bank was asking the court to decree that it was a good-faith purchaser without notice, for a valuable consideration, of the real estate in question, and to enable the court to pronounce this decree it was incumbent upon the Columbia Bank to plead and prove that it was a purchaser of this real estate, not that it was a gratuitous donee thereof; that it purchased it without notice, either actual or constructive, of the lien of the Exchange Bank; that for the property it parted with or paid some valuable consideration; what that consideration was; and that it

had paid or parted with that consideration before it received notice of the lien of the Exchange Bank. See the rule stated and the authorities collated in 16 Am. & Eng. Ency. of Law, 834, 836. See, also, *Makepeace v. Davis*, 27 Ind., 352, where it was held: "In a suit to enforce an equitable title to lands it is not necessary that the complaint should charge the defendant with notice of the plaintiff's equity. If the defendant claims as a purchaser without notice he should set up, by way of answer, the facts which entitle him to protection as such."

In *Long v. Dollarhide*, 24 Cal., 218, it was ruled: "The burden of showing that he is a purchaser in good faith and for a valuable consideration is cast upon the one claiming under a second deed, but recorded first in point of time, and the deed itself is not evidence of these facts, but they must be shown by other testimony." The court said: "It is next contended by counsel for the defendant that inasmuch as defendant's deed was first recorded, he is a subsequent purchaser in good faith and for a valuable consideration, and that as against him the plaintiff's title, although prior in point of time, must fail. * * * Had the defendant, however, shown a deed from Vaca recorded before that of the plaintiffs, he would have failed in making out this defense; for, aside from the recitals contained in his deed, he offered no evidence showing himself a subsequent purchaser in good faith and for a valuable consideration. The burden of proving this rested upon him, and the recitals of the deed are not, as he contends, *prima facie* proof of a valuable consideration. Such recitals are but the declarations of the grantor, and it has never been held that the declarations of a vendor or assignor made after the sale or assignment can be received to defeat the title of the vendee or assignee. A party seeking to bring himself within the statute cannot rely upon the recitals of his deed, but must prove the payment of the purchase money *aliunde*." (*Bowman v. Griffith*, 35 Neb., 361, and cases cited; Compiled Statutes, ch. 73, sec. 45.)

In the case at bar, since it was necessary, to entitle the Columbia Bank to the relief for which it prayed, and which was awarded, to prove what consideration it parted with or paid for the real estate, and that it had parted with or paid such consideration before it received notice of the Exchange Bank's claim, therefore it was essential that these facts should be pleaded. The cross-petition of the Columbia Bank did not state a cause of action. The court erred in admitting any evidence under the same. Its decree is reversed and the cause remanded, with instructions to the district court to permit the Columbia Bank, if it desires, to file an amended cross-petition upon the payment by it of all costs made in this proceeding up to the day of filing such amended cross-complaint.

REVERSED AND REMANDED.